# 14-4236

## In the
# United States Court of Appeals
# For the Second Circuit

In Re: RICHARD H. FRIEDBERG,

*Debtor.*

GIANNINA PRADELLA and MILAN OLICH,

*Plaintiffs-Appellants,*

v.

MELISSA ZELEN NEIER, CHAPTER 7 TRUSTEE,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

## JOINT APPENDIX

**DEMPSEY & LANGAN**
*Attorneys for Plaintiffs-Appellants*
1200 Brown Street, Suite 202
Peekskill, New York 10566
(914) 737-0030

**IVEY, BARNUM & O'MARA LLC**
*Attorneys for Defendant-Appellee*
170 Mason Street
Greenwich, CT 06830
(203) 661-6000

# TABLE OF CONTENTS

*Page*

District Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Decision and Order - Hon. Alan H. Shiff , U.S. Bankruptcy Judge
      dated March 21, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Order on Motion for Relief from Automatic Stay dated July 30, 2009 . . . . . . . . . . . . . 11

Trustee's Motion to Approve Settlement with Tim Miller Associates
      Pursuant to Rule 9019 of the Federal Rules of Bankruptcy
      Procedure dated February 24, 2011 with Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . 12

      Ex. A - Stipulation dated February 24, 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Trustee's Motion to Approve Settlement with Town of Cortlandt,
      New York Pursuant to Rule 9019 of the Federal Rules of
      Bankruptcy Procedure dated March 21, 2011 with Exhibits . . . . . . . . . . . . . . . . . 21

      Ex. A - Stipulation dated March 21, 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Order Approving Settlement between Trustee and Tim Miller Associates
      dated April 13, 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Order Approving Settlement between Trustee and the Town of Cortlandt
      dated April 13, 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Motion for Relief from Automatic Stay dated June 26, 2009 . . . . . . . . . . . . . . . . . . . 33

Affidavit of Giannina Pradella in Support Sworn to June 19, 2009 . . . . . . . . . . . . . . . 37

Affidavit of Milan Olich in Support sworn to June 19, 2009 . . . . . . . . . . . . . . . . . . . . 39

South Carolina Fifth Judicial Circuit Civil Action Docket Sheet
      with Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

South Carolina Summons and Complaint dated January 30, 2009 . . . . . . . . . . . . . . . 44

South Carolina Order dated May 27, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

Mortgage Note dated February 16, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

Mortgage and Security Agreement dated February 15, 2005 . . . . . . . . . . . . . . . . . . . . . 55

Richard H. Freiberg Limited Liability Companies Pre-Petition . . . . . . . . . . . . . . . . 64

Proposed Order on Motion for Relief from Automatic Stay . . . . . . . . . . . . . . . . . . . . 73

South Carolina Answer dated April 13, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

Order dated June 17, 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

Letter of James B. Lybrand, Jr. Esq. dated June 16, 2010 . . . . . . . . . . . . . . . . . . . . . 81

Motion and Order Information Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

South Carolina Motion to Withdraw of Kevin M. Ewell, Esq.
dated June 1, 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84

Affidavit of Kevin T. Brown, Esq. Sworn to August 12, 2013 . . . . . . . . . . . . . . . . . . 89

Affidavit of Kevin M. Ewell, Esq. Sworn to August 6, 2013 . . . . . . . . . . . . . . . . . . . 92

Transcript of Proceedings of July 16, 2013 (Excerpt) . . . . . . . . . . . . . . . . . . . . . . . . 95

Bankruptcy Order dated November 21, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

Notice of Appeal from Bankruptcy Court Order dated November 22, 2013 . . . . . . . . 106

U.S. District Court Memorandum of Decision dated September 30, 2014 . . . . . . . . . 108

District Court Notice of Appeal filed October 30, 2014 . . . . . . . . . . . . . . . . . . . . . . . 124

APPEAL,BKAPP,CLOSED,PROSE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:13-cv-01920-AVC

In Re: Friedberg et al                               Date Filed: 12/26/2013
Assigned to: Judge Alfred V. Covello                 Date Terminated: 10/21/2014
Case in other court: Bankruptcy-Bpt., 08-51245       Jury Demand: None
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter Nature of Suit: 422 Bankruptcy Appeal
                                                     (801)
                                                     Jurisdiction: Federal Question

**In Re**

**Richard H. Friedberg**

**In Re**

**Allen & Delancey, LLC**

**In Re**

**115 Allen Ground LLC**

**Appellant**

**Giannina Pradella**                  represented by   **Thomas R Langan**
                                                        Dempsey & Langan
                                                        1200 Brown St., Suite 202
                                                        Peekskill, NY 10566
                                                        914-737-0030
                                                        Email:
                                                        TLangan@dempseyandlangan.com
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

**Appellant**

**Milan Olich**                        represented by   **Thomas R Langan**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Notice**

**US Trustee**

represented by **US Trustee**
U.S. Trustee Office
150 Court St., Room 302
New Haven, CT 06510-7016
203-773-2210
Email: ustpregion02.nh.ecf@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Melissa Zelen Neier**
*Chapter 7 Trustee*

represented by **Carol J. Faherty**
Epstein Becker & Green, P.C. - CT
One Landmark Square, Ste 1800
Stamford, CT 06901-2165
203-348-3737
Fax: 203-326-7580
Email: cfaherty@ebglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa Zelen Neier**
Ivey, Barnum & O'Mara
170 Mason St., PO Box 1689
Greenwich, CT 06836
203-661-6000
Fax: 203-661-9462
Email: mneier@ibolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Richard H. Friedberg**

represented by **Peter L. Ressler**
Groob, Ressler & Mulqueen
123 York St., PO Box 49
New Haven, CT 06511
203-777-5741
Fax: 203-777-4206
Email: ressmul@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Marianne Howatson**                    represented by  **James G. Verrillo**
                                         Zeldes, Needle & Cooper, P.C.
                                         1000 Lafayette Blvd., Suite 500
                                         PO Box 1740
                                         Bridgeport, CT 06601-1740
                                         203-333-9441
                                         Fax: 203-333-1489
                                         Email: jverrillo@znclaw.com
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Maximino Medina , Jr.**
                                         Zeldes, Needle & Cooper
                                         1000 Lafayette Blvd., PO Box 1740
                                         Bridgeport, CT 06601-1740
                                         203-333-9441
                                         Email: mmedina@znclaw.com
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Interested Party**

**IRS**                                  represented by  **Ann M. Nevins**
                                         U.S. Attorney's Office-BPT
                                         1000 Lafayette Blvd., 10th Floor
                                         Bridgeport, CT 06604
                                         203-696-3000
                                         Fax: 203-579-5575
                                         Email: ann.nevins@usdoj.gov
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Interested Party**

**Department of Taxation & Finance**     represented by  **Louis J. Testa**
*NYS*                                    State of New York
                                         Office of the Attorney General
                                         The Capitol
                                         Albany, NY 12224-0341
                                         518-474-2913
                                         Fax: 518-473-1572
                                         Email: Louis.Testa@ag.ny.gov
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Interested Party**

https://ecf.ctd.uscourts.gov/cgi-bin/DktRpt.pl?248196291165273-L...

| | | |
|---|---|---|
| **Georgia Capital LLC** | represented by | **Jeffrey R. Hellman** |
| | | Law Offices of Jeffrey Hellman, LLC |
| | | 195 Church Street |
| | | 10th Floor |
| | | New Haven, CT 06510 |
| | | 203-691-8762 |
| | | Fax: 203-823-4401 |
| | | Email: jeff@jeffhellmanlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Interested Party**

| | | |
|---|---|---|
| **Roberta Napolitano** | represented by | **Roberta Napolitano** |
| *Chapter 7 Trustee of the Bankruptcy* | | PO Box 9177 |
| *Estate if Monteverde Restaurant LLC* | | 350 Fairfield Ave. |
| | | Bridgeport, CT 06601 |
| | | PRO SE |

**Interested Party**

| | | |
|---|---|---|
| **US Trustee** | represented by | **Steven E. Mackey** |
| *Region 2* | | U.S. Dept. of Justice-Trustee |
| | | Office of the U.S. Trustee |
| | | Giaimo Federal Bldg., Room 302 |
| | | 150 Court Street |
| | | New Haven, CT 06510 |
| | | 203-773-2210 |
| | | Fax: 203-773-2217 |
| | | Email: steven.e.mackey@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Interested Party**

| | | |
|---|---|---|
| **Chicago Title Insurance Company** | represented by | **Thomas J. O'Neill** |
| | | Day Pitney LLP-Stmfd |
| | | One Canterbury Green |
| | | 201 Broad Street |
| | | Stamford, CT 06901 |
| | | 203-977-7300 |
| | | Fax: 203-977-7301 |
| | | Email: tjoneill@dbh.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| | | |
|---|---|---|
| 12/26/2013 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 08-51245., filed by Milan Olich, Giannina Pradella. (Attachments: # 1 Doc 1535-Memorandum of Decision and Order)(Malone, P.) (Entered: 12/27/2013) |
| 12/26/2013 | 2 | Appellant's Designation of Items-BKY by Milan Olich, Giannina Pradella re 1 Bankruptcy Appeal to be included in Record on Appeal. (Attachments: # 1 DOC 165-2, # 2 DOC 194, # 3 DOC 788, # 4 DOC 788-1, # 5 DOC 817, # 6 DOC 817-1, # 7 DOC 854-2, # 8 DOC 845, # 9 DOC 846, # 10 DOC 1019, # 11 DOC 1019-1, # 12 DOC 1032, # 13 DOC 1359, # 14 DOC 1359-1, # 15 DOC 1359-2, # 16 DOC 1380, # 17 DOC 1405, # 18 DOC 1463-1, # 19 DOC 1463-2, # 20 DOC 1527, # 21 DOC 1535, # 22 DOC 1536, # 23 DOC 1538, # 24 DOC 1538-1, # 25 DOC 1540-2) NOTE: DOC 1484 and DOC 1505-are audio files(Malone, P.) Modified on 12/27/2013 to correct text entry. (Malone, P.). (Entered: 12/27/2013) |
| 12/26/2013 | 3 | 🔊 Digital Audio File held on 10/08/2013 before USBC. AUDIO FILE size(6.3 MB) (Malone, P.) (Entered: 12/27/2013) |
| 12/26/2013 | 4 | 🔊 Digital Audio File held on 11/06/2013 before USBC. AUDIO FILE size(13.1 MB) (Malone, P.) (Entered: 12/27/2013) |
| 12/26/2013 | 5 | Appellee's Designation of Items-BKY by Melissa Zelen Neier re 1 Bankruptcy Appeal to be included in Record on Appeal. (Attachments: # 1 DOC 1420, # 2 DOC 1433, # 3 DOC 1433-1, # 4 DOC 1433-2, # 5 DOC 1433-3, # 6 DOC 1433-4, # 7 DOC 1443, # 8 DOC 1443-1, # 9 DOC 1443-2, # 10 DOC 1443-3, # 11 DOC 1437, # 12 DOC 1437-1, # 13 DOC 1437-2, # 14 DOC 1437-3, # 15 DOC 1437-4, # 16 DOC 1458, # 17 DOC 1548, # 18 DOC 1574)(Malone, P.) (Entered: 12/27/2013) |
| 12/26/2013 | 6 | USBC Transmittal Form (Malone, P.) (Entered: 12/27/2013) |
| 12/26/2013 | 7 | STANDING PROTECTIVE ORDER<br>Signed by Judge Stefan R. Underhill on 12/26/2013.(Malone, P.) (Entered: 12/27/2013) |
| 12/27/2013 | 8 | NOTICE To Counsel The appellant and appellee shall serve and file their briefs pursuant to Bankruptcy Rule 8009.Thereafter, the matter will be scheduled for disposition by this Court as soon as possible.<br>Signed by Clerk on 12/27/2013.(Malone, P.) (Entered: 12/27/2013) |
| 01/10/2014 | 9 | Appellant's BRIEF by Milan Olich, Giannina Pradella. (Langan, Thomas) (Entered: 01/10/2014) |
| 01/14/2014 | 10 | CERTIFICATE OF SERVICE by Milan Olich, Giannina Pradella re 9 Appellant's Brief (Langan, Thomas) (Entered: 01/14/2014) |
| 01/16/2014 | 11 | NOTICE by Melissa Zelen Neier *of Related Cases* (Faherty, Carol) (Entered: 01/16/2014) |

| 01/17/2014 | 12 | NOTICE of Appearance by Carol J. Faherty on behalf of Melissa Zelen Neier *Trustee, Appellee* (Faherty, Carol) (Additional attachment(s) added on 1/23/2014: # 1 REPLACEMENT OCR SEARCHABLE PDF) (Oliver, T.). (Entered: 01/17/2014) |
| --- | --- | --- |
| 01/24/2014 | 13 | NOTICE of Appearance by Maximino Medina, Jr on behalf of Marianne Howatson (Perez, J.) (Entered: 01/24/2014) |
| 01/24/2014 | 14 | NOTICE of Appearance by James G. Verrillo on behalf of Marianne Howatson (Perez, J.) (Entered: 01/24/2014) |
| 01/24/2014 | 15 | Appellee's BRIEF by Marianne Howatson. (Perez, J.) (Additional attachment(s) added on 1/27/2014: # 1 REPLACEMENT PDF OF THE COVER PAGE) (Oliver, T.). (Entered: 01/24/2014) |
| 02/07/2014 | 16 | Appellant's REPLY BRIEF by Milan Olich, Giannina Pradella. (Oliver, T.) (Entered: 02/10/2014) |
| 02/11/2014 | 17 | ORDER OF TRANSFER. Case reassigned to Judge Alfred V. Covello for all further proceedings Signed by Judge Stefan R. Underhill on 2/4/2014.(Oliver, T.) (Entered: 02/11/2014) |
| 09/30/2014 | 18 | Memorandum of Decision. Signed by Judge Alfred V. Covello on 9/30/14.(Ferguson, L.) (Entered: 10/01/2014) |
| 10/21/2014 | 19 | JUDGMENT entered in favor of appellee Melissa Zelen Neier. For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms Signed by Clerk on 10/16/14.(Ferguson, L.) (Entered: 10/23/2014) |
| 10/21/2014 | | JUDICIAL PROCEEDINGS SURVEY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link: https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey (Ferguson, L.) (Entered: 10/23/2014) |
| 10/30/2014 | 20 | NOTICE OF APPEAL by Milan Olich, Giannina Pradella. Filing fee $ 505, receipt number 0205-3406052. (Langan, Thomas) (Entered: 10/30/2014) |

| 11/12/2014 | 21 | Index to Record on Appeal by Milan Olich, Giannina Pradella re 5 Designation of Items-BKY, 16 Appellant's Reply Brief, 1 Bankruptcy Appeal, 9 Appellant's Brief, 15 Appellee's Brief, 20 Notice of Appeal, 2 Designation of Items-BKY,,. For docket entries without a hyperlink, contact the court to arrange for the document(s) to be made available to you. (Langan, Thomas) Modified on 11/12/2014 to add links to 3 , 4 audio files, 18 Memorandum of Decision and 19 Judgment (Kelsey, N.). (Entered: 11/12/2014) |
|---|---|---|
| 11/12/2014 | 22 | NOTICE of Appearance by Melissa Zelen Neier on behalf of Melissa Zelen Neier (LaLone, L.) Modified text on 11/24/2014 (LaLone, L.). (Entered: 11/18/2014) |
| 11/25/2014 | 23 | Index to Record on Appeal by Melissa Zelen Neier re 5 Designation of Items-BKY,,. For docket entries without a hyperlink, contact the court to arrange for the document(s) to be made available to you. (Neier, Melissa) (Entered: 11/25/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/23/2015 18:53:22 | | | |
| **PACER Login:** | appealpress:2506766:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-01920-AVC |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

8

Westlaw.

Slip Copy, 2012 WL 966940 (Bkrtcy.D.Conn.)

(Cite as: 2012 WL 966940 (Bkrtcy.D.Conn.))

**H**

Only the Westlaw citation is currently available.
United States Bankruptcy Court,

D. Connecticut,
Bridgeport Division.
In re Richard H. FRIEDBERG, Debtor.
No. 08–51245 (AHWS).

March 21, 2012.

Melissa Zelen Neier, Esq., Carol J. Faherty, Esq., Ivey Barnum & O'Mara, LLC, Greenwich, CT, for Ch. 11 Trustee.

Marjorie R. Gruszkiewicz, Esq., Law Offices of Ronald I. Chorches, Wethersfield, CT, for Debtor.

Thomas R. Langan, Esq., Dempsey & Langan, Peekskill, NY, Carol A. Felicetta, Esq., Reid and Riege, P.C., Hartford, CT, for Creditors Giannina Pradella and Milan Olich.

Maximino Medina, Jr., Esq., Zeldes, Needle & Cooper, P.C., Bridgeport, CT, for Creditor Marianne Howatson.

Ann M. Nevins, Esq., United States Attorney's Office, Bridgeport, CT, for Creditor Internal Revenue Service.

**MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S OBJECTION TO THE PROOF OF CLAIM OF PRADELLA AND OLICH**

ALAN H. SHIFF, United States Bankruptcy Judge.
**Introduction**
*1 The Chapter 11 trustee objects to a proof of claim filed by Giannina Pradella and Milan Olich (collectively, "P & O"). For the reasons that follow, the trustee's objection is sustained.

**Background**[FN1]

FN1. The court relies on the stipulation of facts agreed to at the November 9, 2011 trial. (See

Trial Tr. 24–46 (Nov. 9, 2011) (ECF No. 1019) (cited hereafter as "Trial Tr. ——").)

On December 18, 2008, the debtor filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code. According to his Schedules, he claimed controlling interests in various entities, including Monteverde LLC ("Monteverde") and North South Development LLC ("North South"). (See ECF No. 86; see also Trial Tr. 27:17–20.) Monteverde was established to hold real property in Cortlandt Manor, New York. North South is an LLC through which the debtor held real property in South Carolina (the "South Carolina Property"). (See id.) While the debtor caused some of his entities to file bankruptcy petitions,[FN2] neither Monteverde nor North South sought bankruptcy protection.

FN2. Related entities controlled by the debtor and which sought bankruptcy protection are:

(a) 115 Allen Ground, LLC, Case No.: 09–51457;

(b) Allen & Delancey, LLC, Case No.: 09–51514; and

(c) Monteverde Restaurant, LLC, Case No.: 09–51514.

These cases were jointly administered with this case. The 115 Allen Ground, LLC, and Allen & Delancey, LLC, cases are now closed.

On June 26, 2009, P & O filed a notice of appearance. On July 23, 2009, they filed the subject proof of claim. (See ECF Claim 9–1; see also P & O's Trial Exh. 1.) P & O's alleged claim arises from a 2005 transaction in which they "sold certain property located at 28 Bear Mountain Bridge Road in Cortlandt Manor, New York [ hereafter, "Cortlandt Manor Property" ) ], to an entity called Monteverde LLC." (Trial Tr. 27:11–14.) "[A]s consideration for the sale, in addition to a cash deposit in excess of $2 million, [P & O] received a

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 966940 (Bkrtcy.D.Conn.)

(Cite as: 2012 WL 966940 (Bkrtcy.D.Conn.))

five-million-dollar note from Monteverde and North South Development." which was secured by the South Carolina Property, but not by the Cortlandt Manor Property. (*Id.,* 27:24–28:24.) The mortgage included a provision that stated:

> AND IT IS FURTHER AGREED THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS MORTGAGE OR IN THE NOTE, Mortgagee [*i .e.,* P & O] shall satisfy any judgment obtained by it against Monteverde LLC or Mortgagor [*i.e.,* North South] for any amounts due under and in accordance with the terms and conditions of the Note by the exercise of the rights of Mortgagee under this Mortgage to foreclose on the Mortgage Premises as herein provided *and not otherwise. No other property or assets of Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of Mortgagor or Monteverde LLC shall be subject to levy, execution or other enforcement procedures for the satisfaction of any payments required under the Note.* Mortgagee shall not bring any action to obtain a judgment against Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of mortgagor or Monteverde LLC or any member, officer, director or shareholder of any of them for any amounts becoming due and owing under the Note except as part of a judicial proceeding to foreclose under and in accordance with this mortgage.

(P & O's Trial Exh. 3; *see also* ECF No. 854–2 at 29–30 (bold in original; italics added).) The corresponding promissory note stated, *inter alia,* "that all of the covenants, conditions, and agreements contained in said mortgage are hereby made part of this instrument." (P & O's Trial Exh. 2; *see also* ECF No. 854–2 at 22.) Neither the mortgage nor promissory note were guaranteed by the debtor. (*See* Trial Exhs. 2 & 3.)

*2 On a quarterly basis, from May 2005 through May 15, 2008, P & O received interest on the promissory note at the contractual interest rate of five percent per annum. Thereafter, when no further interest was received, P & O issued notices of default against Monteverde and North South. When the default was not cured, P & O commenced a foreclosure action on February 2, 2009, in a South Carolina state court against Monteverde, North

South, and Georgia Capital, a junior mortgage holder.

On May 27, 2009, the South Carolina court stayed the foreclosure action on the basis that it could not proceed without adversely and impermissibly affecting the debtor's bankruptcy estates.[FN] (*See* ECF No. 854–2 at 20–21.) On July 30, 2009, P & O were granted relief from stay by this court to proceed with their South Carolina foreclosure action (hereafter, the "Stay Relief Order"). (*See* ECF No. 194.) The Stay Relief Order concluded: "No deficiency judgment shall be enforced without the further order of this court." (*Id.*) Thereafter, the foreclosure action went to judgment, and the South Carolina Property was sold for approximately $3.1 million.

> FN3. That conclusion is not correct. *See, infra,* at 6.

On December 31, 2010, a deficiency judgment of $1.9 million entered against Monteverde and North South in the South Carolina court (hereafter, "Deficiency Judgment"). On January 31, 2011, the Deficiency Judgment was recorded in the Westchester County, New York land records as a lien against the Cortlandt Manor Property.

The trustee objects to P & O's proof of claim on the basis of the non-recourse language contained in the mortgage and promissory note, as well as the express language of the Stay Relief Order.

### Discussion

"A claim ..., proof of which is filed under <u>section 501</u> of this title, is deemed allowed, unless a party in interest ... objects." <u>11 U.S.C. § 502(a)</u>; *see also* <u>Fed. R. Bankr.P. 3001(f)</u> ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.").
[T]he burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with <u>Fed. R. Bankr.P. 3001</u> by alleging facts in the proof of claim that are sufficient to support the claim. If the claimant satisfies these requirements, the burden of going forward with the evidence then shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Slip Copy, 2012 WL 966940 (Bkrtcy.D.Conn.)

(Cite as: 2012 WL 966940 (Bkrtcy.D.Conn.))

which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *See Lundell v. Anchor Cosnt. Specialist, Inc. (In re Lundell),* 223 F.3d 1035, 1041 (9th Cir.2000); *Sherman v. Novak ( In re Reilly),* 245 B.R. 768, 773 (2d Cir.B.A..P.2000).... If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence. *See In re Consumers Realty & Dev'l Co.,* 238 B.R. 418 (8th Cir.B.A.P.1999); *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173–74 (3d Cir.1992).

*3 *In re Driscoll,* 379 B.R. 415, 420 (Bankr.D.Conn.2008) (block quoting *In re Jorczak,* 314 B.R. 474, 481 (Bankr.D.Conn) (further quoting *In re Rally Partners, L.P.,* 306 B.R. 165, 168–69 (Bankr.E.D.Tex.2003) (footnote omitted); *see also In re Central Rubber Products, Inc.,* 31 B.R. 865, 867 (Bankr.D.Conn.1983) (instructing that the "ultimate burden of persuasion ... is upon the creditor").

The trustee objects to P & O's proof of claim, arguing that they do not have a claim against the debtor. (*See* Trial Tr. 43:4–45:3; *see also* Trial Exhs. 2 & 3.) The objection is persuasive. The plain language of the mortgage states that the promissory note was secured solely by the South Carolina Property, which is not property of the debtor's estate. As noted, the text of the promissory note repeats that limitation. This evidence is "at least equal in probative force to that offered" by P & O's claim. *In re Driscoll,* 379 B.R. at 420. Therefore, the burden shifts back to P & O "to establish the validity and amount of the claim by a preponderance of the evidence." *Id.*

P & O have not met their burden. Indeed, they did not produce any evidence that the debtor was a maker, co-signer, guarantor, or otherwise an obligor, of the promissory note or the mortgagor in his individual capacity. Thus, P & O were not, and are not, creditors of the debtor.

**Conclusion**

Accordingly, finding P & O have failed to meet their burden of persuasion, IT IS ORDERED that the Trustee's objection is sustained.
Bkrtcy.D.Conn.,2012.

In re Friedberg
Slip Copy, 2012 WL 966940 (Bkrtcy.D.Conn.)
END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 08-51245    Doc 194    Filed 07/30/09    Entered 07/31/09 10:07:01    Desc Main
Document    Page 1 of 1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

-----------------------------------------------------------X

                                          Chapter 11
                                          Case No. 08-51245 AHWS

In Re:
**RICHARD H. FRIEDBERG,**
                    **Debtor**
-----------------------------------------------------------X

**GIANNINA PRAEDELLA AND
MILAN OLICH,**
                    **Movants**

v.

**RICHARD H. FRIEDBERG, NORTH SOUTH
DEVELOPMENT GROUP, LLC,
MONTEVERDE, LLC AND
GEORGIA CAPTIAL, LLC.,**
                    **Respondents**
-----------------------------------------------------------X

### ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

The foregoing Motion for Relief from Stay having been presented to this Court, it
is hereby

ORDERED, that the motion is GRANTED; and it is further

ORDERED, that pursuant to sections 362 (d)(1) and/or (d)(2) of the U.S.
Bankruptcy Code, Movants, Giannina Pradella and Milan Olich (the "Movants") are
granted relief from the automatic stay in order to allow the Movants to pursue the action
pending in the Court of Common Please, State of South Carolina, County of Richland
captioned: <u>Giannini Pradella and Milan Olich v. North South Development Group, LLC,</u>
<u>Monteverde, LLC and Georgia Capital, LLC.</u>  No deficiency judgment shall be enforced
without the further order of this court.


Dated: July 30, 2009                              By the court


                                          _Alan H. W. Shiff_
                                          **Alan H. W. Shiff**
                                          **United States Bankruptcy Judge**


00000.000/494516.1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **Estate of Richard H. Friedberg;** | : | **Lead Case No. 08-51245(AHWS)** |
| **115 Allen Ground, LLC;** | : | **(Administratively Consolidated)** |
| **Allen & Delancy, LLC;** | : | |
| **Monteverde Restaurant, LLC;** | : | |
| **Debtors.** | : | |
| | : | |

### TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH
### TIM MILLER ASSOCIATES PURSUANT TO RULE 9019
### OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Melissa Zelen Neier, Chapter 7 trustee (the "Trustee"), of the estate of Richard H. Friedberg ("Friedberg" or the "Debtor") as and for her motion for approval of an agreement between the Trustee and Tim Miller Associates, Inc. ("Miller") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, respectfully represents as follows:

### RELEVANT BACKGROUND

1.      On December 18, 2008 the Debtor commenced his bankruptcy case by filing a voluntary petition for relief under Chapter 11 of Title 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division (the "Bankruptcy Court").

2.      By order dated April 30, 2010 Melissa Zelen Neier was appointed Chapter 11 trustee if the Friedberg estate.  By order dated June 23, 2010 the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code and Ms. Neier was appointed Chapter 7 trustee.

3.      On or about March 14, 2008 Miller commenced an action captioned Tim Miller Associates v. Monteverde LLC et. ano., Index No. 656-08 in the Supreme Court for the State of New York, Putnam County, for the recovery of services rendered in connection with

environmental consulting services on certain real property located at 28 Bear Mountain Bridge Road, Cortlandt Manor, New York (the "Property"), which was owned by the Debtor through Monteverde, LLC.

4.      By judgment dated November 4, 2009 and filed and entered on November 9, 2009 (the "Miller Judgment"), Miller was awarded damages and costs in the amount of $14,362.13 against Monteverde, LLC.  On or about February 17, 2010 Miller, by filing a transcript of the Miller Judgment in the office of the Westchester County Clerk, obtained a lien (the "Lien") against the Property.

5.      By order dated January 25, 2011 the Bankruptcy Court granted the Trustee's motion to sell the Property pursuant to 11 U.S.C. § 363.

6.      At the closing on the Property on February 15, 2011 the buyer's title insurer required that proceeds from the sale of the Property in the amount of $14,362.13, sufficient to satisfy the Miller Judgment, be placed in escrow with the title insurer, subject to the Trustee's obtaining a release of Miller's Lien upon the land records.

7.      The Trustee and Miller, by and through his counsel, have engaged in good faith, arm's length negotiations regarding a settlement and wish to resolve the Miller Judgment and the Lien on the land records upon the following terms, which are memorialized in the stipulation (the "Stipulation") annexed hereto as Exhibit "A":

        a.      Miller will accept the sum of $6,000.00 in full and complete satisfaction of the unpaid amount of the Miller Judgment;

        b.      Within ten (10) business days after the Trustee provides a copy of the order of the Bankruptcy Court approving the Stipulation, Miller will take

2

any and all actions required to release the Lien and shall forward the Trustee written proof of same;

c.   Upon receipt of said proof of cancellation of the Lien, the Trustee shall direct that the escrow agent distribute $6,000.00 of the escrowed funds to Miller's counsel with the balance of the escrowed funds to be released to the Trustee.

### RELIEF REQUESTED

8.   Pursuant to Bankruptcy rule 9019, the Trustee hereby requests entry of an order approving the proposed settlement between the Trustee and Miller, as reflected in the Stipulation and described above.

### BASIS FOR RELIEF REQUESTED

9.   Banruptcy Rule 9019(a) provides in relevant part the "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

10.   To approve a compromise and settlement under Bankruptcy Rule 9019(a) a bankruptcy court should find that the proposed compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate.   See e.g. In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3f 600 (2d cir. 1994).   The decision to approve a particular settlement lies within the sound discretion of the Bankruptcy Court.   See Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994).   In exercising its discretion, the Court may consider the opinion of the trustee that the settlement is fair and reasonable.   See e.g. In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993).

11.   Further, in determining whether to approve a proposed settlement, a bankruptcy court need not decide the issues of law and fact raised by the settlement, but rather should

"canvas the issues and see whether the settlement 'fall[s] below the lowest point in range of reasonablenes's." Nisselson v. Carroll (in re Altman), 302 B.R. 424, 425-26 (Bankr. D. Conn. 2003) ("[C]ourts need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement").

12.    The Trustee believes that the proposed settlement with Miller, as embodied in the Stipulation is well within the range of reasonableness and accordingly should be approved. The settlement will result in the prompt release of more than half of the escrowed funds back into the estate and will avoid litigation between the Trustee and Miller, all to the benefit of creditors of the Friedberg estate.

## NOTICE

13.    Notice of this motion has been given via U.S. mail and/or email to (a) Miller, through his counsel; (b) the Office of the United States Trustee; (c) the Internal Revenue Service and (d) all parties that have filed a notice of appearance. The Trustee submits that under the circumstances no other notice need be given.

## NO PRIOR REQUEST

14.    No prior request for the relief requested herein has been made to this court or any other court.

WHEREFORE, for the above stated reasons the Trustee respectfully requests entry of an

order approving the proposed settlement, as reflected in the Stipulation.


Dated at Greenwich, Connecticut this 24th day of February, 2011.


Respectfully submitted,


By: /s/ Melissa Zelen Neier
    Melissa Zelen Neier, Esq.
    Federal Bar No.: ct25055
    Ivey, Barnum & O'Mara, LLC
    170 Mason Street
    Greenwich, CT 06830
    Telephone: (203) 661-6000
    Facsimile: (203) 661-9462
    Email: mneier@ibolaw.com

# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | : | **CHAPTER 7** |
| | : | |
| Estate of Richard H. Friedberg; | : | Lead Case No. 08-51245(AHWS) |
| 115 Allen Ground, LLC; | : | (Administratively Consolidated) |
| Allen & Delancy, LLC; | : | |
| Monteverde Restaurant, LLC; | : | |
| Debtors. | : | |
| _____ | : | |

## STIPULATION

WHEREAS, Melissa Zelen Neier as Chapter 7 Trustee (the "Trustee") for the estate of Richard H. Friedberg and Tim Miller Associates, Inc. ("Miller"), a judgment creditor of Monteverde LLC, wish to resolve any and all disputes pertaining to the lien and judgment obtained by Miller against Monteverde, LLC, whose sole member is Richard H. Friedberg, the parties have conferred and agree as follows:

1.     On December 18, 2008 the debtor (the "Debtor") commenced his bankruptcy case by filing a voluntary petition for relief under Chapter 11 of Title 11 U.S.C. §§ 101 et.seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division (the "Bankruptcy Court").

2.     By order dated April 30, 2010 Melissa Zelen Neier was appointed Chapter 11 Trustee of the Friedberg estate.  By order dated June 23, 2010 the debtor's case was converted to one under Chapter 7 of the Bankruptcy Code and Ms. Neier was appointed as Chapter 7 trustee.

3.     On or about March 14, 2008, Miller commenced an action captioned <u>Tim Miller Associates v. Monteverde LLC et. ano</u> (Index No. 656-08) in the Supreme Court for the State of New York, Putnam County, for the recovery of fees for services rendered in connection with

environmental consulting services on certain real property located at 28 Bear Mountain Bridge Road, Cortlandt Manor, New York.

4.    By judgment dated November 4, 2009 and filed and entered on November 9, 2009 (the "Miller Judgment"), Miller was awarded damages and costs in the amount of $14,362.13 against Monteverde LLC.  On or about February 17, 2010 Miller, by filing a Transcript of the Miller Judgment in the Office of the Westchester County Clerk, obtained a lien against that certain real property located at 28 Bear Mountain Bridge Road, Cortlandt Manor New York which was owned by the Debtor through Monteverde LLC (the "Property").

5.    By order dated January 25, 2011 the Bankruptcy Court granted the Trustee's motion to sell the Property pursuant to 11 U.S.C. §§ 363.

6.    At the closing on the Property on February 15, 2011, the buyer's title insurer required that proceeds in the amount of $14,362.13, sufficient to satisfy the Miller judgment be placed in escrow subject to the Trustee's obtaining a release of Miller's lien upon the land records.

7.    After conferring, the Trustee and Miller wish to resolve the disposition of the Miller Judgment and the lien on the land records upon the following terms:

      a.    Miller will accept $6,000 in full and complete satisfaction of the unpaid amount of the Miller Judgment;

      b.    Within ten (10) business days after the Trustee provides a copy of the Order entered by the Bankruptcy Court approving this Stipulation, Miller will take any and all action required to release the Lien and shall forward to the Trustee written proof of same;

2

    c.       Upon receipt of said proof of cancellation of the Lien, the Trustee shall direct that the escrow agent distribute $6,000 of the escrowed funds to Miller's counsel at the address below with the balance of the escrowed funds to be released to the Trustee.

    8.     This stipulation shall be subject to approval by the Bankruptcy Court and the Bankruptcy Court shall have sole jurisdiction to interpret and enforce the terms of this stipulation.

STIPULATED AND AGREED TO THIS 24TH DAY OF FEBRUARY, 2011.

Tim Miller Associates, Inc.

By:  /s/ Mark A. Smith
    Mark A. Smith, Esq.
    Smith Ozalis LLP
    555 Pleasantville Rd – South Bldg.
    P.O. Box 2690
    Briarcliff Manor, NY 10510

Chapter 7 Trustee for Estate of
Richard H. Friedberg

By:  /s/ Melissa Zelen Neier
    Melissa Zelen Neier, Esq.
    Ivey, Barnum & O'Mara, LLC
    170 Mason Street
    Greenwich, CT 06830

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **Estate of Richard H. Friedberg;** | : | **Lead Case No. 08-51245(AHWS)** |
| **115 Allen Ground, LLC;** | : | **(Administratively Consolidated)** |
| **Allen & Delancy, LLC;** | : | |
| **Monteverde Restaurant, LLC;** | : | |
| **Debtors.** | : | |
| | : | |

## TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH
## TOWN OF CORTLANDT, NEW YORK PURSUANT TO RULE 9019
## OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Melissa Zelen Neier, Chapter 7 trustee (the "Trustee"), of the estate of Richard H. Friedberg ("Friedberg" or the "Debtor") as and for her motion for approval of an agreement between the Trustee and the Town of Cortlandt, New York pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, respectfully represents as follows:

### RELEVANT BACKGROUND

1.      On December 18, 2008 the Debtor commenced his bankruptcy case by filing a voluntary petition for relief under Chapter 11 of Title 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division (the "Bankruptcy Court").

2.      By order dated April 30, 2010 Melissa Zelen Neier was appointed Chapter 11 trustee if the Friedberg estate.  By order dated June 23, 2010 the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code and Ms. Neier was appointed Chapter 7 trustee.

3.      Through his wholly owned single member LLC, Monteverde LLC, the Debtor owned that certain real property located at 28 Bear Mountain Bridge Road, Cortlandt Manor, New York (the "Property").

4.    By order dated January 25, 2011 the Bankruptcy Court granted the Trustee's motion to sell the Property pursuant to 11 U.S.C. § 363.

5.    At the closing on the Property on February 15, 2011 the buyer's title insurer required that proceeds from the sale of the Property in the amount of $267,021.94, sufficient to satisfy all real estate taxes then due and owning to Cortlandt by Monteverde LLC, including penalties and interest, be placed in escrow with the title insurer, subject to the Trustee's obtaining a release of Cortlandt's tax lien upon the land records (the "Tax Lien").

6.    The Trustee and Cortlandt, by and through its Town Attorney, have engaged in good faith, arm's length negotiations regarding a settlement and wish to resolve the Tax Lien upon the following terms, which are memorialized in the stipulation (the "Stipulation") annexed hereto as Exhibit "A":

    a.    Cortlandt will accept the sum of $215,000.00 in full and complete satisfaction of the unpaid taxes, including interest and penalties through February 15, 2011;

    b.    Within ten (10) business days after the Trustee provides a copy of the order of the Bankruptcy Court approving the Stipulation, Cortlandt, through its counsel, will take any and all actions required to release the Tax Lien and shall forward the Trustee written proof of same;

    c.    Upon receipt of said proof of cancellation of the Tax Lien, the Trustee shall direct that the escrow agent distribute $215,000.00 of the escrowed funds to Cortlandt with the balance of the escrowed funds to be released to the Trustee.

**RELIEF REQUESTED**

7.     Pursuant to Bankruptcy Rule 9019, the Trustee hereby requests entry of an order approving the proposed settlement between the Trustee and Cortlandt, as reflected in the Stipulation and described above.

**BASIS FOR RELIEF REQUESTED**

8.     Bankruptcy Rule 9019(a) provides in relevant part the "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

9.     To approve a compromise and settlement under Bankruptcy Rule 9019(a) a bankruptcy court should find that the proposed compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate.  See e.g. In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).  The decision to approve a particular settlement lies within the sound discretion of the Bankruptcy Court.  See Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994).  In exercising its discretion, the Court may consider the opinion of the trustee that the settlement is fair and reasonable.  See e.g. In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993).

10.     Further, in determining whether to approve a proposed settlement, a bankruptcy court need not decide the issues of law and fact raised by the settlement, but rather should "canvas the issues and see whether the settlement 'fall[s] below the lowest point in range of reasonablenes's." Nisselson v. Carroll (in re Altman), 302 B.R. 424, 425-26 (Bankr. D. Conn. 2003) ("[C]ourts need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement").

11.     The Trustee believes that the proposed settlement with Cortlandt, as embodied in the Stipulation is well within the range of reasonableness and accordingly should be approved.

The settlement will result in the prompt release of a substantial portion of the escrowed funds back into the estate and will avoid litigation between the Trustee and Cortlandt, all to the benefit of creditors of the Friedberg estate.

## NOTICE

12.    Notice of this motion has been given via U.S. mail and/or email to (a) Cortlandt, through its counsel; (b) the Office of the United States Trustee; (c) the Internal Revenue Service and (d) all parties that have filed a notice of appearance.  The Trustee submits that under the circumstances no other notice need be given.

## NO PRIOR REQUEST

13.    No prior request for the relief requested herein has been made to this court or any other court.

WHEREFORE, for the above stated reasons the Trustee respectfully requests entry of an order approving the proposed settlement, as reflected in the Stipulation.


Dated at Greenwich, Connecticut this 21st day of March, 2011.



Respectfully submitted,


By: /s/ Melissa Zelen Neier
    Melissa Zelen Neier, Esq.
    Federal Bar No.: ct25055
    Ivey, Barnum & O'Mara, LLC
    170 Mason Street
    Greenwich, CT 06830
    Telephone: (203) 661-6000
    Facsimile: (203) 661-9462
    Email: mneier@ibolaw.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | : | **CHAPTER 7** |
| | : | |
| **Estate of Richard H. Friedberg;** | : | **Lead Case No. 08-51245(AHWS)** |
| **115 Allen Ground, LLC;** | : | **(Administratively Consolidated)** |
| **Allen & Delancy, LLC;** | : | |
| **Monteverde Restaurant, LLC;** | : | |
| Debtors. | : | |
| ———————————————— | : | |

## STIPULATION

WHEREAS, Melissa Zelen Neier as Chapter 7 Trustee (the "Trustee") for the estate of Richard H. Friedberg and the Town of Cortlandt, New York ("Cortlandt"), a creditor of Monteverde LLC, wish to resolve any and all disputes pertaining to the tax lien obtained by Cortlandt against Monteverde, LLC, whose sole member is Richard H. Friedberg, the parties have conferred and agree as follows:

1.    On December 18, 2008 the debtor (the "Debtor") commenced his bankruptcy case by filing a voluntary petition for relief under Chapter 11 of Title 11 U.S.C. §§ 101 et.seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division (the "Bankruptcy Court").

2.    By order dated April 30, 2010 Melissa Zelen Neier was appointed Chapter 11 Trustee of the Friedberg estate. By order dated June 23, 2010 the debtor's case was converted to one under Chapter 7 of the Bankruptcy Code and Ms. Neier was appointed as Chapter 7 trustee.

3.    Through his wholly owned single member LLC, Monteverde LLC, the Debtor owned that certain real property located at 28 Bear Mountain Bridge Road, Cortlandt Manor, New York (the "Property").

4.     By order dated January 25, 2011 the Bankruptcy Court granted the Trustee's motion to sell the Property pursuant to 11 U.S.C. § 363.

5.     At the closing on the Property on February 15, 2011 the buyer's title insurer required that proceeds from the sale of the Property in the amount of $267,021.94, sufficient to satisfy all real estate taxes then due and owning to Cortlandt by Monteverde LLC, including penalties and interest, be placed in escrow with the title insurer, subject to the Trustee's obtaining a release of Cortlandt's tax lien upon the land records (the "Tax Lien").

6.     The Trustee and Cortlandt, by and through its Town Attorney, have engaged in good faith, arm's length negotiations regarding a settlement and wish to resolve payment of the Tax Lien upon the following terms:

> a.     Cortlandt will accept the sum of $215,000.00 in full and complete satisfaction of the unpaid taxes, interest and penalties through February 15, 2011;

> b.     Within ten (10) business days after the Trustee provides a copy of the order of the Bankruptcy Court approving the Stipulation, Cortlandt, through its counsel, will take any and all actions required to release the Tax Lien and shall forward the Trustee written proof of same;

> c.     Upon receipt of said proof of cancellation of the Tax Lien, the Trustee shall direct that the escrow agent distribute $215,000.00 of the escrowed funds to Cortlandt with the balance of the escrowed funds to be released to the Trustee.

7.      Pursuant to Bankruptcy Rule 9019, the Trustee hereby requests entry of an order approving the proposed settlement between the Trustee and Cortlandt, as reflected in the stipulation and described above.

8.      This stipulation shall be subject to approval by the Bankruptcy Court and the Bankruptcy Court shall have sole jurisdiction to interpret and enforce the terms of this stipulation.

STIPULATED AND AGREED TO THIS 21st DAY OF MARCH, 2011.

Town of Cortlandt

By:  /s/ Thomas Wood
    Thomas Wood, Esq.
    Town Attorney
    1 Heady Street
    Cortlandt Manor, NY 10567

Chapter 7 Trustee for Estate of
Richard H. Friedberg

By:  /s/ Melissa Zelen Neier
    Melissa Zelen Neier, Esq.
    Ivey, Barnum & O'Mara, LLC
    170 Mason Street
    Greenwich, CT 06830

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| Estate of Richard H. Friedberg; | : | Lead Case No. 08-51245(AHWS) |
| 115 Allen Ground, LLC; | : | (Administratively Consolidated) |
| Allen & Delancy, LLC; | : | |
| Monteverde Restaurant, LLC; | : | |
| Debtors. | : | |
| | : | |

ORDER APPROVING SETTLEMENT BETWEEN
THE TRUSTEE AND TIM MILLER ASSOCIATES, INC.

Upon the Motion, dated February 24, 2011 (the "Motion"), of Melissa Zelen

Neier, chapter 7 trustee for the estate of Richard H. Friedberg (the "Trustee"), seeking approval

pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

of the settlement set forth in that certain stipulation (the "Stipulation"), dated as of February 24,

2011, between the Trustee and the Tim Miller Associates, ("Miller"), a copy of which is annexed

as Exhibit "A" to the Motion, all as more fully set forth in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due notice of the Motion having been provided to all parties

who have filed an appearance in these proceedings; and it appearing that no other or further

notice need be provided; and the Court having determined that the relief sought in the Motion is

in the best interests of the estate, its creditors, and all parties in interest; and upon the Motion and

all the proceedings had before the Court, and after due deliberation and sufficient cause

appearing therefor, it is hereby

ORDERED that the compromise and settlement set forth in the Stipulation is

approved in all respects pursuant to Bankruptcy Rule 9019; and it is further

ORDERED that the Trustee is authorized to execute, deliver, implement and fully

perform the Stipulation and to take any and all actions reasonably necessary or appropriate to

consummate the Stipulation.

Dated: April 13, 2011                    By the court

*Alan H. W. Shiff*

Alan H. W. Shiff
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | : | **CHAPTER 7** |
| | : | |
| **Estate of Richard H. Friedberg;** | : | **Lead Case No. 08-51245(AHWS)** |
| **115 Allen Ground, LLC;** | : | **(Administratively Consolidated)** |
| **Allen & Delancy, LLC;** | : | |
| **Monteverde Restaurant, LLC;** | : | |
| **Debtors.** | : | |
| | : | |

### ORDER APPROVING SETTLEMENT BETWEEN
### THE TRUSTEE AND THE TOWN OF CORTLANDT

Upon the Motion, dated March 21, 2011 (the "Motion"), of Melissa Zelen Neier,

chapter 7 trustee for the estate of Richard H. Friedberg (the "Trustee"), seeking approval

pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

of the settlement set forth in that certain stipulation (the "Stipulation"), dated as of March 21,

2011, between the Trustee and the Town of Cortlandt ("Cortlandt"), a copy of which is annexed

as Exhibit "A" to the Motion, all as more fully set forth in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due notice of the Motion having been provided to counsel for

(i) the Debtor; (ii) the Office of the United States Trustee; (iii) Roberta Napolitano, Chapter 7

Trustee for Monteverde Restaurant, LLC; (iv) the Internal Revenue Service; (v) Georgia Capital;

(vi) Marianne Howatson and (vii) Giannina Praedella and Milan Olich; and it appearing that no

other or further notice need be provided; and the Court having determined that the relief sought

in the Motion is in the best interests of the estate, its creditors, and all parties in interest; and

upon the Motion and all the proceedings had before the Court, and after due deliberation and

sufficient cause appearing therefore, it is hereby

ORDERED that the compromise and settlement set forth in the Stipulation is

approved in all respects pursuant to Bankruptcy Rule 9019; and it is further

ORDERED that the Trustee is authorized to execute, deliver, implement and fully

perform the Stipulation and to take any and all actions reasonably necessary or appropriate to

consummate the Stipulation.

Dated: April 13, 2011                    By the court


                                         *Alan W. W. Shiff*
                                         Alan H. W. Shiff
                                         United States Bankruptcy Judge

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

------------------------------------------------X

In Re:

**RICHARD H. FRIEDBERG,**

                    **Debtor**

------------------------------------------------X

**GIANNINA PRAEDELLA AND
MILAN OLICH,**

                    **Movants**

v.

**RICHARD H. FRIEDBERG, NORTH SOUTH
DEVELOPMENT GROUP, LLC,
MONTEVERDE, LLC AND
GEORGIA CAPTIAL, LLC.,**

                    **Respondents**

------------------------------------------------X

Chapter 11
Case No. 08-51245 AHWS

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Pursuant to sections 362 (d)(1) and (2) of Chapter 11 of the U.S. Bankruptcy Code and

Bankruptcy Rule 4001 and 9014, Giannina Praedella and Milan Olich (hereinafter referred to as

the "Movants" or "Pradella and Olich"), secured creditors herein, by and through their counsel,

Reid and Riege, P.C., hereby move this Court for an order granting it relief from the automatic

stay, and, in support thereof, respectfully represent as follows:

1.        On December 18, 2008, Richard H. Friedberg filed a voluntary petition for relief

under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court in the District of Connecticut, Bridgeport Division. The Debtor

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 3 of 42
Case 08-51245    Doc 165    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Main
Document    Page 2 of 4

continues to manage its assets and possess its property as a debtor-in-possession pursuant to §§
1107 and 1108 of the Bankruptcy Code.

2.    On February 2, 2009, Pradella and Olich commenced an action captioned
Giannini Pradella and Milan Olich v. North South Development Group, LLC, Monteverde, LLC
and Georgia Capital, LLC in the Court of Common Pleas, State of South Carolina, County of
Richland seeking, *inter alia,* a judgment of foreclosure and the amount due under a note and
mortgage (the "South Carolina Action"). A copy of the Complaint is annexed hereto as Exhibit
A. Upon information and belief, the South Carolina Action is not listed on the Debtor's
schedules.

3.    On or about May 28, 2009, as a result of the Debtor's bankruptcy filing, the South
Carolina Action was stayed.  A copy of the Order staying the South Carolina Action is annexed
hereto as Exhibit B.

4.    On February 15, 2005, the Defendants, Monteverde, LLC ("Monteverde") and
North South Development Group, LLC ("North South"), made, executed and delivered to
Pradella and Olich a certain Mortgage Note wherein and whereby it promised to pay to the order
of Pradella and Olich the principal sum of $5,000,000.00, together with interest at the rate of 5%
per annum on the unpaid balance; said interest being payable in quarterly installments as
provided in said Note, commencing on the fifteenth day of May, 2005 and continuing quarterly
on the fifteenth day of the month thereafter until maturity on February 14, 2011 (the "Note"). A
copy of the Note is annexed hereto as Exhibit C.

5.    In order to secure said Note, defendant North South did, on February 16, 2006,
make, execute and deliver to Pradella and Olich, their heirs, successors and assigns, a certain
mortgage (the "Mortgage") covering a tract of land containing approximately twenty-five (25)

acres located in the county of Richland, State of South Carolina (the "Property"). A copy of the Mortgage is annexed hereto as Exhibit D.

      6.     On February 16, 2005, the Mortgage was recorded in the Office of the Register of Deeds for Richland County in Record Book 1024 at page 2419.

      7.     The Defendant Georgia Capital, LLC ("Georgia") has or may claim a second lien on the Property by virtue of a certain mortgage given by North South. Georgia's interest or lien, if any, is junior and subordinate to the lien of Pradella and Olich.

      8.     The Debtor, as the sole member of Monteverde and North Shore, has failed to pay the monthly installments of principal and interest due on the first day of May, 2008 and all subsequent payments. Pradella and Olich, after giving the required notices, declared the entire balance due and payable at once. No payments have been made post-petition.

      9.     On April 22, 2009, the Debtor filed Schedule B-1, listing as assets both Monteverde and North Shore. In addition, the Debtor lists the Property in a "Description of Business", detailing the first mortgage to Pradella/Olich. See Doc. #86, pg. 4, note 1, a copy of which is annexed hereto as Exhibit E.

      10.     In addition, within the same Schedule, the Debtor acknowledges that the Property has no equity. See Doc. #86, pg. 5, note 18.

      11.     As a result of the foregoing, cause exists for the Court to grant this motion and lift the automatic stay in order for Pradella and Olich to prosecute the "South Carolina Action."

      12.     Pursuant to section 362 of the Bankrupcy Code, upon request of a party in interest and after hearing, the Court can grant relief from the stay if there is inadequate protection of an interest in the property of a party in interest; the debtor does not have equity in the property; and the property is unnecessary to an effective reorganization. 11 U.S.C. § 362 (d).

13.    The Debtor has not and cannot provide the adequate protection as contemplated by section 362(d)(1), the Debtor admits that there is no equity in the Property and the Property is not a necessary component for an effective reorganization.

WHEREFORE, Pradella and Olich respectfully request that it be granted relief from the automatic stay and such other relief as the Court deems just and equitable.

Dated:  June 26, 2009
        New Haven, Connecticut

GIANNINA PRADELLA AND
MILAN OLICH

By: /s/ Carol A. Felicetta
    Carol A. Felicetta, Esq.
    REID & AND RIEGE, P.C.
    195 Church Street, 15th Floor
    New Haven, Connecticut 06510
    (203) 777-8008
    cfelicetta@reidandriege.com

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

-----------------------------------------------X

In Re:

**RICHARD H. FRIEDBERG,**

           **Debtor**

Chapter 11
Case No. 08-51245 AHWS

-----------------------------------------------X

**GIANNINA PRAEDELLA AND
MILAN OLICH,**

           **Movants**

v.

**RICHARD H. FRIEDBERG, NORTH SOUTH
DEVELOPMENT GROUP, LLC,
MONTEVERDE, LLC AND
GEORGIA CAPTIAL, LLC.,**

           **Respondent**

-----------------------------------------------X

### AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM STAY

State of New York    )
                     )   ss:
County of  Westchester )

I, Giannina Pradella, being duly sworn, deposes and says:

1.     I am a Plaintiff in an action entitled <u>Giannina Pradella and Milan Olich v. North</u>

<u>South Development Group, LLC, Monteverde, LLC and Georgia Capital, LLC,</u> Civil Action No.

2009-CP-40-0681, pending in the Court of Common Pleas, Fifth Judicial Circuit, State of South

00000.000/493743.1

Carolina, County of Richmond (the "South Carolina Action").

    2.    The South Carolina Action was commenced on February 2, 2009. Thereafter, on April 13, 2009, the Debtor filed a Motion for Stay because of his bankruptcy filing. On or about May 28, 2009, an Order staying the South Carolina Action was entered.

    3.    I am a secured creditor in the Debtor's bankruptcy case by virtue of a Note and Mortgage, the details of which are outlined in the annexed Motion. The Debtor, as sole member of Monteverde and North Shore has failed to pay the amounts due under the Mortgage and Note. There is no equity in the Property, a fact which the Debtor admits in his schedules.

    4.    I come before this Court to obtain relief from the automatic stay in order to prosecute the South Carolina Action.

_____
Giannini Pradella

Subscribed and sworn to before me this __19th__ day of June, 2009.

_____
Notary Public
My Commission Expires:

MARY T. ARCEO
Notary Public, State of New York
No. 01AR5057697
Qualified in Putnam County
Commission Expires March 25, 2010

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

----------------------------------------------------X

In Re:

**RICHARD H. FRIEDBERG,**

**Debtor**

----------------------------------------------------X

**GIANNINA PRAEDELLA AND
MILAN OLICH,**

**Movants**

**v.**

**RICHARD H. FRIEDBERG, NORTH SOUTH
DEVELOPMENT GROUP, LLC,
MONTEVERDE, LLC AND
GEORGIA CAPTIAL, LLC.,**

**Respondent**

----------------------------------------------------X

Chapter 11
Case No. 08-51245 AHWS

### AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM STAY

State of New York      )
                       )      ss:
County of  Westchester )

I, Milan Olich, being duly sworn, deposes and says:

1.      I am a Plaintiff in an action entitled <u>Giannina Pradella and Milan Olich v. North South Development Group. LLC, Monteverde, LLC and Georgia Capital. LLC</u>, Civil Action No. 2009-CP-40-0681, pending in the Court of Common Pleas, Fifth Judicial Circuit, State of South

Carolina, County of Richmond (the "South Carolina Action").

2.    The South Carolina Action was commenced on February 2, 2009. Thereafter, on

April 13, 2009, the Debtor filed a Motion for Stay because of his bankruptcy filing. On or about

May 28, 2009, an Order staying the South Carolina Action was entered.

3.    I am a secured creditor in the Debtor's bankruptcy case by virtue of a Note and

Mortgage, the details of which are outlined in the annexed Motion. The Debtor, as sole member

of Monteverde and North Shore has failed to pay the amounts due under the Mortgage and Note.

There is no equity in the Property, a fact which the Debtor admits in his schedules.

4.    I come before this Court to obtain relief from the automatic stay in order to

prosecute the South Carolina Action.

Milan Olich

Subscribed and sworn to before me this _19th_ day of June, 2009.

Notary Public
My Commission Expires:

MARY T. ARCEO
Notary Public, State of New York
No. 01AR6057697
Qualified in Putnam County
Commission Expires March 25, 2010

00000.000/493926.1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY    OF    RICHLAND ) | |
| ) | CIVIL ACTION COVER SHEET |
| Giannina Pradella and Milan Olich, ) | |
| ) | 2009 -CP- 40 - CLOET |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| North South Development Group, ) | |
| LLC, et al. ) | |
| ) | |
| Defendant(s) ) | |

| | |
|---|---|
| (Please Print) | SC Bar#: 064236 |
| Submitted By: Kevin T. Brown | Telephone #: (803)252-0500 |
| Address:    1704 Main Street, 2nd Floor | Fax #: (803)252-6705 |
| Post Office Box 58 | Other: |
| Columbia, South Carolina 29202  Email: | |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law.  This form is required for the use of the Clerk of Court for the purpose of docketing.  It must be filled out completely, signed, and dated.  A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

☐ JURY TRIAL demanded in Complaint.    ☐ NON-JURY TRIAL demanded in Complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check one box below)

| Contracts | Torts-Professional Malpractice | Torts-Personal Injury | Real Property |
|---|---|---|---|
| ☐Construction(100) | ☐Dental Malpractice(200) | ☐Assault/Slander/Libel(300) | ☐Claim & Delivery(400) |
| ☐Debt Collection(110) | ☐Legal Malpractice(210) | ☐Conversion(310) | ☐Condemnation(410) |
| ☐Employment(120) | ☐Medical Malpractice(220) | ☐Motor Vehicle Accident(320) | ☐Foreclosure(420) |
| ☐General(130) | ☐Notice/File Med Mal (230) | ☐Premises Liability(330) | ☐Mechanic's Lien(430) |
| ☐Breach of Contract (140) | ☐Other (299) | ☐Products Liability(340) | ☐Partition(440) |
| ☐Other(199) | | ☐Personal Injury(350) | ☐Possession(450) |
| | | ☐Wrongful Death(360) | ☐Building Code Violation(460) |
| | | ☐Other(399) | ☐Other(499) |

| Inmate Petitions | Judgements/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐PCR(500) | ☐Death Settlement(700) | ☐Reinstate Driver's License(800) | ☐Arbitration(900) |
| ☐Sexual Predator(510) | ☐Foreign Judgement(710) | ☐Judicial Review(810) | ☐Magistrate-Civil(910) |
| ☐Mandamus(520) | ☐Magistrate's Judgement(720) | ☐Relief(820) | ☐Magistrate-Criminal(920) |
| ☐Habeas Corpus(530) | ☐Minor Settlement(730) | ☐Permanent Injunction(830) | ☐Municipal(930) |
| ☐Other(599) | ☐Transcript Judgement(740) | ☐Forfeiture-Petition(840) | ☐Probate Court(940) |
| | ☐Lis Pendens(750) | ☐Forfeiture-Consent Order (850) | ☐SCDOT(950) |
| | ☐Other(799) | ☐Other(899) | ☐Worker's Comp(960) |
| Special/Complex/Other | | | ☐Zoning Board(970) |
| ☐Environmental(600) | | | ☐Administrative Law |
| ☐Automobile Arb.(610) | | | Judge(980) |
| ☐Medical(620) | | | ☐Public Service Commission |
| ☐Other(699) | | | (990) |
| ☐Pharmaceuticals (630) | | | ☐Employment Security |
| ☐Unfair Trade Practices (640) | | | Commission (991) |
| ☐Out-of-State Depositions (650) | | | ☐Other (999) |
| ☐Sexual Predator (510) | | | |

Submitting Party Signature: _____  Date: 1/30/09

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C Code Ann.§ 15-36-10 et. seq.

SCCA/234 (04/08)

## FOR MANDATED ADR COUNTIES ONLY
### Allendale, Anderson, Beaufort, Colleton, Florence Greenville,
### Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

**SUPREME COURT RULES REQUIRE THE ENTIRE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.**

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests from temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statue.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten(10)days after the ADR conference has been concluded.

**Please note:** You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.

SCCA/234 (04/08)

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 12 of 42
Case 08-51245    Doc 165-2    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
A - Complaint    Page 3 of 10

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
COUNTY    OF    RICHLAND    )    FIFTH JUDICIAL CIRCUIT

Giannina Pradella and Milan Olich,    )
                                      )
                        Plaintiffs,   )
                                      )
        vs.                           )    CERTIFICATE OF EXEMPTION
                                      )    FROM ADR
North South Development Group, LLC,   )
Monteverde, LLC, and Georgia Capital, LLC, )
                                      )
                        Defendants.   )

I certify that this action is exempt from ADR because:

_____    this is a special proceeding or action seeking extraordinary relief such as
           mandamus, habeas corpus or prohibition;

_____    this action is appellate in nature;

_____    this is a post-conviction relief matter;

_____    this is a contempt of court proceeding;

_____    this is a forfeiture proceeding brought by the State;

__X____    this is a case involving a mortgage foreclosure; or

_____    the parties submitted the case to voluntary mediation with certified
           mediator prior to the filing of this civil action.

Plaintiff/Attorney(s) for Plaintiff(s)            Defendant/Attorney(s) for Defendant

Kevin T. Brown
P.O. Box 66
Columbia, SC 29202
(803) 252-0500

Date:  January 30, 2009

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 13 of 42
Case 08-51245    Doc 165-2    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
A - Complaint    Page 4 of 10

STATE OF SOUTH CAROLINA    )
                                          )    IN THE COURT OF COMMON PLEAS
COUNTY    OF    RICHLAND    )

Giannina Pradella and Milan Olich,    )
                                                       )
                              Plaintiffs,    )
                                                       )
          vs.                                      )
                                                       )    SUMMONS
North South Development Group, LLC,    )    (Non-Jury Foreclosure)
Monteverde, LLC, and Georgia Capital, LLC,    )
                                                       )
                              Defendants.    )

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a
copy of which is herewith served upon you, and to serve a copy of your Answer on the subscribers at
their offices, 1704 Main Street, P. O. Box 58, Columbia, South Carolina 29202, within thirty (30) days
after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint
within the time aforesaid, the Plaintiffs in this action will apply to the Court for judgment by default for
the relief demanded in the Complaint. Your answer must be in writing and signed by you or your
attorney and must state your address or the address of your attorney, if signed by your attorney.

This communication is an attempt to collect a debt, and any information obtained will be
used for that purpose.

                                              McDONALD, McKENZIE, RUBIN,
                                              MILLER AND LYBRAND, L.L.P.

                                              BY:
                                                    KEVIN T. BROWN
Columbia, South Carolina                Attorneys for the Plaintiffs
                                              P. O. Box 58
January 30, 2009                          Columbia, South Carolina 29202
                                              (803) 252-0500

STATE OF SOUTH CAROLINA  )
           )  IN THE COURT OF COMMON PLEAS
COUNTY OF RICHLAND )

Giannina Pradella and Milan Olich,  )
           )
      Plaintiffs,   )
           )
vs.         )  **COMPLAINT**
           )
North South Development Group, LLC, )
Monteverde, LLC, and Georgia Capital, LLC, )
           )
      Defendants.  )

The Plaintiffs above named, complaining of the Defendants above named, herein allege

that:

   1. Upon information and belief, the Defendants North South Development Group, LLC,

Monteverde, LLC, and Georgia Capital, LLC, are limited liability companies doing business in the

County of Richland, State of South Carolina; and the subject of this action is real property located in

the County of Richland, State of South Carolina.

   2. Heretofore, on February 16, 2005, the Defendants Monteverde, LLC, and North

South Development Group, LLC, made, executed and delivered to Giannina Pradella and Milan Olich a

certain Mortgage Note in writing, wherein and whereby it promised to pay to the order of Giannina

Pradella and Milan Olich the principal sum of $5,000,000.00, together with interest at the rate of 5%

per annum on the unpaid balance; said interest being payable in quarterly installments as provided in

said Note, commencing on the fifteenth day of May, 2005, and continuing quarterly on the fifteenth day

of the month thereafter until maturity on February 14, 2011, at which time the outstanding principal

balance and all accrued interest shall be immediately due and payable; among other things the said

Note provides as follows:

   It is hereby expressly agreed, that the said principal sum secured by this note shall become due
at the option of the holder thereof on the happening of any default or event by which, under the terms
of the mortgage securing this note, said principal sum may or shall become due and payable; also, that

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 15 of 42
Case 08-51245    Doc 165-2    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
A - Complaint    Page 6 of 10

-2-

all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

      3.  In order to secure said note, the said Defendant North South Development Group,

LLC, did, on February 16, 2005, make, execute and deliver to Giannina Pradella and Milan Olich, their

heirs, successors and assigns, a certain mortgage covering the premises located in the County and

State aforesaid and described as follows:

All that certain piece, parcel or tract of land, containing 24.05 acres, more or less, with the improvements thereon, situate, lying and being in the County of Richland, State of South Carolina, being shown on a plat of property of Harbison Development Corporation, prepared by Heaner Engineering Co., Inc., and recorded in the Office of the Register of Deeds for Richland County in Plat Book X at pages 3181 and 3181A, and being more particularly shown on a plat prepared for Harbison Development Group, LLC, by Associated E & S, Inc., dated November 5, 2004, bearing the seal of Larry W. Smith, S.C. P.L.S. No. 3724, (the "Plat") which plat is incorporated herein by reference, and having according to said plat the following metes and bounds, all measurements being a little more or less: Beginning at an iron pin set (IPS) on the northern side of SC Highway #60 at its intersection with the southwestern side of Old US Highway #76 50' Right of Way (Abandoned) and property now or formerly of McWill Partners, LLC, the point of beginning; thence turning and running N 75° 22' 16" W along SC Highway #60 for 1,681.09 feet to an axle found; thence turning and running N 16° 36' 20" E along land now or formerly of William P. Hendrix for a distance of 612.91 feet to a 1" crimped pipe found; thence turning and running N 16° 29' 00" E along land now or formerly of Rah-Rah Sales for a distance of 314.66 feet to a 1¼" open pipe found; thence turning and running N 16° 32' 21" E along land now or formerly of Brotherhood of Dutch Fork for a distance of 314.62 feet to a 2" open pipe found on the southwestern side of US Highway 176 - Broad River Road 75' Right of Way; thence turning and running along said right of way S 42° 07' 31" E for a distance of 545.64 feet to an IPS; thence turning and running along said right of way S 36° 40' 57" E for a distance of 110.56 feet to an IPS; thence leaving said right of way turning and running along a curve bearing S 43° 08' 26" E with a radius of 14,374.08 feet for a chord distance of 200.00 feet to a computed point on the center line of Old US Highway #76 50' Right of Way (Abandoned) which is now the new property line of Parcel A; thence turning and running along said property line along a curve bearing S 26° 08' 45" E with a radius of 2,069.55 feet for a chord distance of 172.54 feet to a computed point; thence turning and running along said property line S 24° 37' 18" E for a distance of 268.74 feet to a computed point; thence turning and running along said property line along a curve bearing S 30° 55' 04" E for a chord distance of 200.73 to a computed point; thence turning and running along said property line along a curve bearing S 39° 50' 06" E with a radius of 1,451.32 feet for a chord distance of 199.41 feet to a computed point; thence turning and running along said property line along a curve bearing S 46° 49' 56" E for a chord distance of 205.41 feet to a computed point; thence turning and running along said property line S 53° 56' 07" E for a distance of 135.16 feet to a computed point; thence turning and running S 45° 25' 00" W for a distance of 25.34' to an IPS; thence turning and running S 53° 55' 13" E for a distance of 51.82 feet to an IPS; said IPS being the point of beginning.  TMS# 05000-04-51.

Said property is the same property conveyed to North South Development Group, LLC, by Deed of The Harbison Group, LLC, dated February 11, 2005, recorded February 16, 2005, in the Office of the Register of Deeds for Richland County in Record Book 1024 at page 2412.

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 16 of 42
Case 08-51245    Doc 165-2    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
A - Complaint    Page 7 of 10

-3-

4.   Subject mortgage was given for the purpose of securing funds for the purchase of

the above described property and therefore constitutes a purchase money mortgage.

5.   On February 16, 2005, said Mortgage was recorded in the Office of the Register of

Deeds for Richland County in Record Book 1024 at page 2419.

6.   Among other things, said mortgage provides as follows:

And it is further agreed, that in case of default in any amounts or payments that are or may
become due as provided in the Note for fifteen (15) days, or the breach of any provision contained
herein, which default is not cured within thirty (30) days after written notice, or such reasonable times
as is necessary to cure same (an "Event of Default") the whole amount of the debt secured by this
Mortgage may, at Mortgagee's option be declared and become due and payable at once in accordance
with the terms and conditions of the Note.

And it is further agreed, that in the case of any collection efforts instituted by Mortgagee or the
defense of any suit brought by a third party naming Mortgagee as a result of this Mortgage, or in the
event of foreclosure of this Mortgage, by suit or otherwise, Mortgagee shall recover of the Mortgagor a
reasonable sum as attorney's fees, which shall be secured by this Mortgage and shall be included in
any judgment of foreclosure.

7.   The installments of principal and interest which became due on the first days of

August, 2008, and of subsequent months have not been paid although demand for the payment

thereof has been made and the plaintiffs, as the holders of the said note and mortgage, after giving all

required notices, have and do hereby elect to declare the entire balance of said principal and interest

due and payable at once; there is now due and owing and unpaid upon the said note and mortgage the

sum of $5,000,000.00 together with interest thereon at the rate of 5% per annum from the fifteenth

(15th) day of May, 2008, together with a reasonable sum as attorney's fees and the costs of this action.

8.   If Plaintiffs secure the premises being foreclosed herein, Plaintiffs' costs of securing

said premises should be added to any judgment rendered on their behalf.  If Plaintiffs pay any utility

charges constituting a lien on said premises, Plaintiffs' costs should be added to any judgment

rendered on their behalf.

9.   The Plaintiffs do not waive, but specifically demand judgment against the

Defendants North South Development Group, LLC, and Monteverde, LLC, for the full amount found to

-4-

be due to Plaintiffs on the Note and Mortgage held by Plaintiffs, with the right to enter a personal

deficiency judgment against the Defendants North South Development Group, LLC, and Monteverde,

LLC, for any deficiency in this action remaining after sale of the mortgaged premises.

10.  The Defendant Georgia Capital, LLC, has or may claim to have some interest in or

lien upon the subject property by virtue of that certain Mortgage in the amount of $1,625,000.00 given

to it by North South Development Group, LLC, dated August 16, 2007, recorded August 21, 2007, in

the Office of the Register of Deeds for Richland County in Record Book 1349 at page 262; also by

virtue of that certain Mortgage in the amount of $16,700,000.00 given to it by North South

Development Group, LLC, dated December 7, 2007, recorded December 7, 2007, in said Register's

Office in Record Book 1382 at page 2088; also by virtue of that certain Uniform Commercial Code

Financing Statement filed August 21, 2007, in said Register's Office in Record Book 1349 at page 304,

given by North South Development Group, LLC, as Debtors to Georgia Capital, LLC, as Creditor; and

by virtue of that certain Uniform Commercial Code Financing Statement filed December 7, 2007, in

said Register's Office in Record Book 1382 at page 2130, the interest or lien of the Defendant Georgia

Capital, LLC, if any, is junior and subordinate to the lien of the Plaintiff's purchase money mortgage.

WHEREFORE, Plaintiffs pray judgment:

(1) That the amount due upon said note and mortgage held by the Plaintiffs be

ascertained and determined under the direction of this Court, together with attorney's fees and the

costs of this action.

(2) That the said Plaintiffs' mortgage be declared a first lien and that said Plaintiffs have

judgment of foreclosure for the amount so found to be due and owing thereon, together with any taxes

or insurance premiums which may be due, with a reasonable sum as attorney's fees, and for the costs

of this action.

(3) That the mortgaged premises be sold under the direction of this Court, the equity of

Case 08-51245   Doc 854-2   Filed 04/15/11   Entered 04/15/11 09:58:25   Desc Exhibit
B     Page 18 of 42
Case 08-51245   Doc 165-2   Filed 06/26/09   Entered 06/26/09 14:14:53   Desc Exhibit
A - Complaint   Page 9 of 10

-5-

redemption be barred, and that the proceeds of sale be applied as follows:

First, to the costs and expenses of the within action and said sale.

Second, to the payment and discharge of the amount due on Plaintiffs' note and mortgage, together with attorney's fees as aforesaid, and

Third, the surplus, if any, be distributed according to law.

(4)  Plaintiffs have judgment against the Defendant North South Development Group, LLC, for the full amount found to be due Plaintiffs on the note and mortgage with the right to enter a personal judgment against the Defendant North South Development Group, LLC, for any deficiency in this action remaining after the sale of the mortgaged premises.

(5)  For such other and further relief as may be just and proper.

McDONALD, McKENZIE, RUBIN,
MILLER AND LYBRAND, L.L.P.

BY: _____
KEVIN T. BROWN
Attorneys for the Plaintiffs
P. O. Box 58
Columbia, South Carolina 29202
(803) 252-0500

Columbia, South Carolina

January 30, 2009

NOTICE REQUIRED BY THE FAIR DEBT
COLLECTION PRACTICES ACT
15 U.S.C. Section 1601, As Amended

1. The amount of the debt is stated in the Complaint attached
   hereto.

2. The Plaintiff as named in the attached Summons and Complaint is
   the creditor to whom the debt is owed.

3. If the original creditor is different from the current
   creditor, the creditor's law firm will provide the debtor with
   the name and address of the original creditor if requested by
   the debtor, in writing, within thirty (30) days of the receipt
   of this notice.

4. The debt described in the Complaint attached hereto and
   evidenced by the Note and Mortgage described therein will be
   assumed to be valid by the creditor's law firm unless the
   debtor, within thirty (30) days after the receipt of this
   notice, disputes, in writing, the validity of the debt or some
   portion thereof.

5. If the debtor notifies the creditor's law firm in writing
   within thirty (30) days of the receipt of this notice that the
   debt or any portion thereon is disputed, the creditor's law
   firm will obtain a verification of the debt, and a copy of the
   verification will be mailed to the debtor by the creditor's law
   firm.

6. Written requests should be addressed to Ben N. Miller III,
   Attorney at Law, Post Office Box 58, Columbia, South
   Carolina 29202-0058.

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | Fifth Judicial Circuit |
| COUNTY OF RICHLAND | ) | Civil Action No. 2009-CP-40-0681 |
| | ) | |
| GIANNINA PRADELLA and MILAN OLICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH SOUTH DEVELOPMENT GROUP, LLC; MONTEVERDE, LLC; and GEORGIA CAPITAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the Court on May 6, 2009, upon the motion of Defendants North South Development Group, LLC ("North South") and Monteverde, LLC ("Monteverde") to stay this action. Having considered all arguments and submissions of counsel, the Court finds as follows:

North South and Monteverde are limited liability companies, and Richard Friedberg of Westport, Connecticut, is the sole member of both. Friedberg is presently a debtor in a bankruptcy proceeding filed in the United States Bankruptcy Court for the District of Connecticut, in Case No. 08-51245. North South and Monteverde contend that their connections with Friedberg are such that a foreclosure proceeding and sale cannot proceed without adversely and impermissibly affecting Friedberg's bankruptcy estate. The Court agrees.

Any action as to Friedberg individually, were he a party to this action, would be stayed automatically, pursuant to Section 362(a) of the federal Bankruptcy Code. However, the Court has the inherent discretion to grant a stay in this action as to North South and Monteverde, though neither is a party to the Friedberg bankruptcy pending in Connecticut. See Liberty

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 21 of 42
Case 08-51245    Doc 165-3    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
B-Order    Page 2 of 2

Builders. Inc. v. Horton, 336 S.C. 658, 521 S.E.2d 749 (S.C. App. 1999). Under the circumstances presented, the Court finds use of its discretion appropriate in this case to stay this action as to North South and Monteverde, pending the conclusion of Friedberg's bankruptcy case, or until entry of an order in Friedberg's bankruptcy case in Connecticut allowing this action to move forward, whichever comes first.. The motion of North South and Monteverde is GRANTED, without prejudice to the right of any party to move the Court to lift the stay for cause.

The foreclosure hearing scheduled in this action for May 12, 2009 is CANCELED in light of the Court's order.

SO ORDERED, this 27th day of May, 2009.

JOSEPH M. STRICKLAND
Master-In-Equity
Fifth Judicial Circuit
State of South Carolina

conformed copies to:

Kevin T. Brown, Esq.
Kevin M. Elwell, Esq.
Randolph R. Lowell, Esq.

2

Case 08-51245   Doc 854-2   Filed 04/15/11   Entered 04/15/11 09:58:25   Desc Exhibit
B    Page 22 of 42
Case 08-51245   Doc 165-4   Filed 06/26/09   Entered 06/26/09 14:14:53   Desc Exhibit
D-Note   Page 1 of 2

Form 8011
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

## MORTGAGE NOTE

$5,000,000.00

Peekskill, New York
February 16, 2005

FOR VALUE RECEIVED,

**NORTH SOUTH DEVELOPMENT GROUP, LLC**
a South Carolina Limited Liability Company
with offices at 132 Harbison Blvd., Suite 301
Columbia, South Carolina 29212

- and -

**MONTEVERDE LLC**
a New York Limited Liability Company
with offices at 28 Bear Mountain Bridge Road
Cortlandt Manor, New York 10567

promises to pay to

**GIANNINA PRADELLA and MILAN OLICH**
28 Bear Mountain Bridge Road
Cortlandt Manor, New York 10567

or order, at 28 Bear Mountain Bridge Road, Cortlandt Manor, New York 10567

or at such other place as may be designated in writing by the holder of this note, the principal sum of **Five Million ($5,000,000.00) and 00/100 Dollars** with interest thereon to be computed from the date hereof at the rate of Five (5%) per centum per annum, and to be paid quarterly, commencing on May 15, 2005 and each consecutive quarter thereafter, until February 14, 2011 at which time the unpaid balance of principal together with any accrued interest shall be due and payable.

*IT IS HEREBY EXPRESSLY AGREED*, that the said principal sum secured by this note shall become due at the option of the holder thereof on the happening of any default or event by which, under the terms of the mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument.

Presentment for payment, notice of dishonor, protest and notice of protest are hereby waived.
This note is secured by a mortgage made by the maker to the payee of even date herewith, on property situate in Columbia, South Carolina, a copy of which is attached hereto and made a part hereof.

This note may not be changed or terminated orally.

NORTH SOUTH DEVELOPMENT
GROUP, LLC

By: _____
Richard Friedberg, Manager

MONTEVERDE LLC

By: _____
Richard Friedberg, Manager

NYSBA PRACTICE FORMS 3/03

RET074.01

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 23 of 42
Case 08-51245    Doc 165-4    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
D-Note    Page 2 of 2

## ACKNOWLEDGMENT

STATE OF NEW YORK          )
                          )    ss.:
COUNTY OF WESTCHESTER      )

On the 16th day of February in the year 2005, before me, the undersigned, personally appeared RICHARD FRIEDBERG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

ROBIN SUE GOLDSAND
Notary Public, State of New York
No. 4902816
Qualified in Westchester County
Commission Expires August 24, 200_

RET074.01

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 24 of 42
Case 08-51245    Doc 165-5    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
D-Mortgage    Page 1 of 9

STATE OF *Connecticut*                    )
                                          )    **MORTGAGE OF REAL ESTATE**
COUNTY OF *Fairfield*                     )    **AND SECURITY AGREEMENT**
                                               (Non-Recourse)

THIS MORTGAGE (this "Mortgage") is executed to be effective as of the $N^{th}$ day of

February, 2005, by NORTH SOUTH DEVELOPMENT GROUP, LLC, a South Carolina limited

liability company, having an address of 132 Harbison Blvd., Suite 301, Columbia, South

Carolina 29212 (hereinafter referred to as "Mortgagor") to GIANNINA PRADELLA and

MILAN OLICH (collectively, Mortgagee") whose address is 28 Bear Mountain Bridge Road,

Cortlandt Manor, NY 10567.

### WITNESSETH

IN CONSIDERATION of the sum of Ten and No/100 Dollars ($10.00) paid to

Mortgagor by Mortgagee and in order to secure the payment of a certain promissory note,

including any renewal, extension or modification thereof (hereinafter referred to as the "Note"),

of even date herewith, made by Monteverde LLC and Mortgagor to Mortgagee in the original

principal amount of Five Million and No/100 Dollars ($5,000,000), plus interest thereon and

costs of collection, including attorneys' fees, and to further secure all future advances or

re-advances that may subsequently be made to Mortgagor by Mortgagee evidenced by the

aforesaid Note or any renewal, extension or modification thereof or evidenced by any instrument

given in substitution for said Note, Mortgagor has granted, bargained, sold and released to

Mortgagee and the successors and assigns of Mortgagee, and by this Mortgage does grant,

bargain, sell, and release to Mortgagee and the successors and assigns of Mortgagee, all the

following (all hereinafter collectively referred to as the "Mortgage Premises"):

Book 01024-2419
Yk/V01 I-9 07/18/2005 16 19:59:06
Fee: $16.00 County Tax: $0.00 State Tax: $0.00                    Mortgage


2005011360 John G. Norris                    Richland County RCO

RETURN TO:
ROBINSON, McFADDEN
& MOORE, P.C.
P. O. BOX 944
COLUMBIA, SC 29202

Case 14-4236, Document 30, 02/25/2015, 1446271, Page59 of 128

(a)    All that tract or parcel of land more particularly described in EXHIBIT A attached hereto and made a part hereof; and

(b)    All buildings and improvements of every kind and description now or hereafter erected or placed on the aforesaid land and all materials intended for construction, reconstruction, alteration and repair of such improvements now or hereafter erected thereon, all of which materials shall be deemed to be included within the Mortgage Premises hereby conveyed immediately upon the delivery thereof to the aforesaid land, and all fixtures and articles of personal property now or hereafter owned by Mortgagor located on the aforesaid land and utilized in conjunction with the operation of any buildings and/or improvements now or hereafter located thereon, including but not limited to systems (equipment, fixtures and appurtenances) for heating, ventilating and air conditioning, refrigeration, incineration, maintenance, fire prevention, sanitation, plumbing fixtures, electrical fixtures, security apparatus, elevators and loading equipment, together with all renewals or replacements thereof or articles in substitution thereof, whether or not the same are or shall be attached to said land and improvements in any manner; and

(c)    All proceeds of any and all of the foregoing and, to the extent not otherwise included, all payments under insurance (whether or not Mortgagee is the loss payee thereof), or any indemnity, warranty or guaranty, payable by reason of loss or damage to or otherwise with respect to any of the foregoing.

TOGETHER with all and singular the rights, members, hereditaments and appurtenances belonging or in any way incident or appertaining thereto; all improvements now or hereafter situated thereon; and all fixtures now or hereafter attached thereto (all of the same being deemed part of the Mortgage Premises and included in any reference thereto);

2

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
                                        B    Page 26 of 42
Case 08-51245    Doc 165-5    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
                                 D-Mortgage    Page 3 of 9

TO HAVE AND TO HOLD all and singular the Mortgage Premises unto Mortgagee, its successors and assigns forever.

AND Mortgagor does hereby assign, set over and transfer to Mortgagee, its successors and assigns, all of the rents, issues, and profits of the said Mortgage Premises accruing and falling due from and after the service of a summons issued in an action to foreclose this Mortgage after default in the conditions thereof.

And Mortgagor does hereby bind itself and its successors and assigns to warrant and forever defend all and singular the Mortgage Premises unto Mortgagee, its successors and assigns, from and against itself and its successors and assigns, and all other persons whomsoever lawfully claiming or to claim the same or any part thereof.

AND IT IS AGREED, by and between the said parties, that Mortgagor, its successors or assigns shall and will forthwith insure such buildings or other improvements as may be constructed on the Mortgage Premises and keep the same insured from loss or damage by fire in the sum of the actual cash value thereof and assign the policy of insurance to the Mortgagee, its successors and assigns. And in case Mortgagor shall at any time neglect or fail so to do, then Mortgagee, its successors and assigns, may cause the same to be insured in its own name, and all amounts so expended shall be secured by this Mortgage and be due and payable by Mortgagor to Mortgagee upon demand.

AND IT IS FURTHER AGREED, that Mortgagor, its successors and assigns, shall pay promptly all taxes assessed and chargeable against the Mortgage Premises; and in default thereof, that the holder of this Mortgage may pay the same, and all amounts so expended shall be secured by this Mortgage and be due and payable by Mortgagor to Mortgagee upon demand. Mortgagor further agrees to provide Mortgagee copies of paid tax receipts for the Mortgage Premises promptly after making each tax payment.

3

AND IT IS FURTHER AGREED, that Mortgagor shall have the right at any time and from time to time on at least 15 days prior notice, to substitute other premises ("Substitute Premises") for the Mortgage Premises provided that Mortgagor shall provide to Mortgagee, at Mortgagor's sole cost, an MAI appraisal showing a value of the Substitute Premises of at least $5,000,000, a mortgage title insurance policy insuring Mortgagee's interest in the amount of $5,000,000 in the Substitute Premises, vacant and free of liens or judgments, and a survey. Mortgagor agrees to execute an amendment to this mortgage or a replacement or substitute mortgage encumbering the Substitute Premises customary in form in the jurisdiction where the Substitute Premises are located, containing terms substantially similar to the terms of this mortgage, including non-recourse language similar to that contained herein. Mortgagor will pay any mortgage recording or similar tax required to record any substitute mortgage. Upon the execution and delivery of the substitute mortgage and compliance with provisions for substitution set forth above, Mortgagee shall execute and deliver to Mortgagee an appropriate release and/or quitclaim deed of release of the Mortgage Premises in form for recording.

AND IT IS FURTHER AGREED, that in case of default in any amounts or payments that are or may become due as provided in the Note for fifteen (15) days, or the breach of any provision contained herein, which default is not cured within thirty (30) days after written notice, or such reasonable time as is necessary to cure same, (an "Event of Default") the whole amount of the debt secured by this Mortgage may, at Mortgagee's option be declared and become due and payable at once in accordance with the terms and conditions of the Note.

AND IT IS FURTHER AGREED, that should legal proceedings be instituted to collect the debt secured hereby, Mortgagee shall be entitled to the appointment of a receiver for the Mortgage Premises and the rents and profits thereof and Mortgagor hereby acknowledges its consent thereto.

4

AND IT IS FURTHER AGREED, that in the case of any collection efforts instituted by Mortgagee or the defense of any suit brought by a third party naming Mortgagee as a result of this Mortgage, or in the event of foreclosure of this Mortgage, by suit or otherwise, Mortgagee shall recover of the Mortgagor a reasonable sum as attorneys' fees, which shall be secured by this Mortgage and shall be included in any judgment of foreclosure.

AND IT IS FURTHER AGREED, that upon the happening and during the continuance of an Event of Default hereunder, Mortgagee shall have the option, and is hereby authorized and empowered by Mortgagor, to commence foreclosure proceedings against the Mortgage Premises through judicial proceedings, pursuant to and as provided in the applicable statutes, and to sell the Mortgage Premises or to cause the same to be sold at public sale, and to convey the same to the purchaser, in accordance with said statutes in whole or in several parts at the option of the Mortgagee. Each purchaser at any such a sale or other disposition shall hold the Mortgage Premises free from any claim or right of Mortgagor of whatever kind, including any equity or right of redemption of Mortgagor. In the event of any sale of the Mortgage Premises by foreclosure, through judicial proceedings, by advertisement or otherwise, the proceeds of any such sale shall be applied in the following order: (i) all expenses incurred for the collection and foreclosure of this Mortgage, including reasonable attorneys' fees, or such attorneys' fees as are permitted by law; (ii) all sums expended or incurred by Mortgagee directly or indirectly in carrying out the terms, covenants and agreements of this Mortgage and of the Note; (iii) the unpaid principal amount owed under and in accordance with the Note; and (iv) the surplus, if any there be, to the Mortgagor.

In connection with any such foreclosure of this Mortgage, Mortgagor agrees to the full extent permitted by law that neither Mortgagor nor anyone claiming through or under Mortgagor shall or will set up, claim or seek to take advantage of any appraisement, valuation, stay,

extension or redemption laws now or hereafter in force, in order to prevent or hinder the enforcement or foreclosure of this Mortgage, or the absolute sale of the Mortgage Premises or any portion thereof, or the final or absolute putting into possession thereof, immediately after such sale, of the purchasers thereat. Mortgagor, for itself and all who may at any time claim through or under it, hereby waives, to the full extent that it may lawfully so do, the benefit of all such laws, and any and all right to have the assets comprising the Mortgage Premises or any portion thereof, marshalled upon any foreclosure of the lien hereof. Mortgagor further agrees that Mortgagee or any court having jurisdiction to foreclose the lien hereof may sell the Mortgage Premises or any portion thereof, in part or as an entirety.

PROVIDED ALWAYS, NEVERTHELESS, and it is the true intent and meaning of Mortgagor and Mortgagee, that if Mortgagor does comply in full with the terms of and perform all of its obligations under the Note and does truly pay, or cause to be paid unto Mortgagee all amounts or sums of money due and payable in accordance with the terms of the Note, with interest thereon, if any shall be due, according to the true intent and meaning of the Note and conditions thereunder written, and shall comply in full with the terms of and perform all of its obligations under this Mortgage, then this deed of bargain and sale shall cease, determine, and be utterly null and void.

AND IT IS FURTHER AGREED THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS MORTGAGE OR IN THE NOTE, Mortgagee shall satisfy any judgment obtained by it against Monteverde LLC or Mortgagor for any amounts due under and in accordance with the terms and conditions of the Note by the exercise of the rights of Mortgagee under this Mortgage to foreclose on the Mortgage Premises as herein provided, and not otherwise. No other property or assets of Mortgagor or Monteverde LLC or any member, partner, officer, director, or shareholder of Mortgagor or Monteverde LLC, shall be

6

subject to levy, execution, or other enforcement procedures for the satisfaction of any payments required under the Note. Mortgagee shall not bring any action to obtain a judgment against Mortgagor or Monteverde LLC, or any member, partner, officer, director or shareholder of Mortgagor or Monteverde LLC, or any member, officer, director, or shareholder of any of any of them, for any amounts becoming due and owing under the Note except as part of a judicial proceeding to foreclose under and in accordance with this Mortgage.

WITNESS the Hand and Seal of Mortgagor to be effective as of the day and year first above written.

Signed, Sealed and Delivered            MORTGAGOR:
In the Presence of:

                                        NORTH SOUTH DEVELOPMENT GROUP, LLC (SEAL)


Witness No. 1 Sign Here          By: _____
                                        Richard H. Friedberg
                                        Manager



Witness No. 2 Sign Here

7

Case 08-51245   Doc 854-2   Filed 04/15/11   Entered 04/15/11 09:58:25   Desc Exhibit
B     Page 31 of 42
Case 08-51245   Doc 165-5   Filed 06/26/09   Entered 06/26/09 14:14:53   Desc Exhibit
D-Mortgage   Page 8 of 9

STATE OF _Connecticut_ )

COUNTY OF _Fairfield_ )                                    PROBATE

PERSONALLY appeared before me the undersigned witness who after first being duly

sworn, deposes and says that s/he saw the within-named North South Development Group, LLC,

a South Carolina limited liability company, by Richard H. Friedberg in his capacity as Manager

of North South Development Group, LLC, sign, seal and as its act and deed, deliver the within-

written Mortgage of Real Estate and Security Agreement for the uses and purposes therein

mentioned, and that s/he together with the other witness whose signature appears above,

witnessed the execution thereof.

_Mary T. Goldman_
Witness No. 1 Sign Here Again

Subscribed and Sworn to before me, a Notary
Public, in and for County of _Fairfield_
and State of Connecticut, this ___ day of
_February_, 20__
_____
Notary Public

SWORN TO BEFORE ME THIS
___ day of February, 2006
_____
Notary Public for _Connecticut_          (L.S.)
My Commission Expires: 6/30/2009

GRANT R DAVIDSON
NOTARY PUBLIC
MY COMMISSION EXPIRES JUNE 30, 2009

8

Case 08-51245   Doc 854-2   Filed 04/15/11   Entered 04/15/11 09:58:25   Desc Exhibit
B   Page 32 of 42
Case 08-51245   Doc 165-5   Filed 06/26/09   Entered 06/26/09 14:14:53   Desc Exhibit
D-Mortgage   Page 9 of 9

## EXHIBIT A

### LEGAL DESCRIPTION

ALL THAT CERTAIN TRACT, PIECE OR PARCEL of land containing 24.05± acres, more or less and shown on a Plat of Property of Harbison Development Corporation, Richland County, South Carolina, prepared by Heaner Engineering Co., Inc., and recorded in Plat Book X, Page 3181 and 3181a, in the Office of the Register of Deeds for Richland County, South Carolina, and being more particularly shown on a plat prepared for The Harbison Group, LLC by Associated E & S, Inc. dated November 5, 2004, bearing the seal of Larry W. Smith, S.C. P.L.S. No. 3724 (the "Plat") which plat is incorporated herein by reference, and having according to said Plat the following metes and bounds, all measurements being a little more or less:

BEGINNING at an Iron Pin Set ("IPS") on the northern side of SC Highway #60 at its intersection with the southwestern side of Old US Highway #76 50' Right of Way (Abandoned) and property now or formerly of MoWill Partners, LLC, the POINT OF BEGINNING; thence turning and running N 75° 02' 16" W along SC Highway #60 for 1,681.09 feet to an axle found; thence turning and running N 16° 36' 20" E along land now or formerly of William P. Hendrix for a distance of 612.91 feet to a 1" crimped pipe found; thence turning and running N 16° 29' 00" E along land now or formerly of Rah-Rah Sales for a distance of 314.86 feet to a 1-1/4" online pipe found; thence turning and running N 16° 32' 21" E along land now or formerly of Brotherhood of Dutch Fork for a distance of 314.62 feet to a 2" open pipe found on the southwestern side of US Highway 176 – Broad River Road 75' Right of way; thence turning and running along said right of way S 42° 07' 31" E for a distance of 545.64 feet to an IPS; thence turning and running along said right of way S 36° 40' 57" E for a distance of 110.56 feet to an IPS; thence leaving said right of way turning and running along a curve bearing S 43° 08' 26" E with a radius of 14,374.08 feet for a chord distance of 200.00 feet to a computed point on the center line of Old US Highway #76 50' Right of Way (Abandoned) which is now the new property line of Parcel A; thence turning and running along said property line along a curve bearing S 26° 08' 45" E with a radius of 2,069.55 feet for a chord distance of 172.59 feet to a computed point; thence turning and running along said property line S 24° 37' 18" E for a distance of 268.74 feet to a computed point; thence turning and running along said property line along a curve bearing S 30° 55' 04" E for a chord distance of 200.73 feet to a computed point; thence turning and running along said property line along a curve bearing S 38° 50' 06" E with a radius of 1,451.32 feet for a chord distance of 199.41 feet to a computed point; thence turning and running along said property line along a curve bearing S 46° 49' 56" E for a chord distance of 205.41 feet to a computed point; thence turning and running along said property line S 53° 56' 07" E for a distance of 135.16 feet to a computed point; thence turning and running S 45° 25' 00" W for a distance of 25.34' to an IPS; thence turning and running S 53° 55' 13" E for a distance of 51.82 feet to an IPS, said IPS being the POINT OF BEGINNING.

TMS #5005-01-01 AND 5000-04-26

DERIVATION: This being the same property conveyed to North South Development Group, LLC by deed of The Harbison Group, LLC dated February 11, 2005 and recorded on February 16 , 2005 in Richland County ROD Record Book 1024 at page 2412.

Case 08-51245   Doc 854-2   Filed 04/15/11   Entered 04/15/11 09:58:25   Desc Exhibit
B   Page 33 of 42
Case 08-51245   Doc 165-6   Filed 06/26/09   Entered 06/26/09 14:14:53   Desc Exhibit
E-Description of Business   Page 1 of 9
Case 08-51245   Doc 88   Filed 04/22/09   Entered 04/22/09 14:14:08   Desc Main
Document   Page 1 of 9

**B-1**
**Richard H. Friedberg**
**Limited Liability Companies**
**PRE- PETITION**
**As Of December 18, 2008**

| # | Name* | Tax ID # | State of Org. Date of Org. | Current Value | Nature of Business* | Active/ Inactive |
|---|-------|----------|----------------------------|---------------|---------------------|------------------|
| 1 | The Harbison Group, LLC 5534 Bush River Rd Columbia, SC 29212 | 57-0741947 | South Carolina 12/14/01 | $11,082,000. | PD | A |
| 2 | Monteverde, LLC 28 Bear Mountain Bridge Road Cortlandt Manor, NY 10567 | 20-1518139 | New York 07/19/04 | $8,700,000. | PD | A |
| 3 | Monteverde Restaurant, LLC 28 Bear Mountain Bridge Road Cortlandt Manor, NY 10567 | 20-2124712 | New York 12/08/04 | $600,000. | R | A |
| 4 | 115 Allen Ground, LLC 115 Allen Street New York, NY 10002 | 20-2507426 | Delaware 12/07/06 | $1,000,000. | P | A |
| 5 | Richard H. Friedberg, LLC 563 Riverside Ave Westport, CT 06880 | 20-5757645 | Connecticut 10/19/06 | -0- | L | A |
| 6 | Allen & Delancey LLC Originally Allen Street Ventures, LLC 115 Allen Street New York, NY 10002 | 20-4454958 | New York 09/21/05 | $1,200,000. | R | A |
| 7 | Hilltop Development LLC Hatchetts Hill Road Old Lyme, CT 06371 | 43-2053210 | Connecticut 06/03/04 | -0- | PD | A |
| 8 | Team Capital LLC 563 Riverside Ave Westport, CT 06880 | 58-2387041 | Delaware 01/29/97 | -0- | PM | I |
| 9 | Allen Street Food Services, LLC 115 Allen Street New York, NY 10002 | 26-3517856 | Delaware 10/09/08 | -0- | CCL | I |
| 10 | Charles Point LLC Peekskill, NY 10566 | 20-2654460 | New York 06/17/05 | -0- | PD | I |
| 11 | Ely Road LLC Ely Road Farmington, CT 06032 | 84-1657461 | Connecticut 07/30/04 | 0- | PD | I |

Case 08-51245   Doc 854-2   Filed 04/15/11   Entered 04/15/11 09:58:25   Desc Exhibit
B   Page 34 of 42
Case 08-51245   Doc 165-6   Filed 06/26/09   Entered 06/26/09 14:14:53   Desc Exhibit
E-Description of Business   Page 2 of 9
Case 08-51245   Doc 86   Filed 04/22/09   Entered 04/22/09 14:14:08   Desc Main
Document   Page 2 of 9

| | | | | | | |
|---|---|---|---|---|---|---|
| 12 | LES Food Services LLC<br>115 Allen Street<br>New York, NY 10002 | 26-3573280 | New York<br>10/14/08 | -0- | FPB | A |
| 13 | Meyers Building LLC<br>Water Street<br>Peekskill, NY 10566 | 20-4456119 | New York<br>03/06/06 | -0- | PD | I |
| 14 | Mix It Smooth, LLC<br>131 Varick St. Suite 930<br>New York, NY 10013 | 62 1700671 | Delaware<br>07/28/98 | $1,000. | SP | A |
| 15 | Monteverde Capital LLC<br>3115 Albany Post Road<br>Buchanan, NY 10511 | 20-4865347 | New York<br>05/01/06 | -0- | PM | I |
| 16 | Monteverde Spa LLC<br>28 Bear Mountain Bridge Road<br>Cortlandt Manor, NY 10567 | 20-4456217 | New York<br>02/24/06 | -0- | S | A |
| 17 | Monteverde Villas, LLC<br>28 Bear Mountain Bridge Road<br>Cortlandt Manor, NY 10567 | N/A | New York<br>03/17/05 | -0- | PD | I |
| 18 | North South<br>Development Group, LLC<br>563 Riverside Ave<br>Westport, CT 06880 | N/A | South Carolina<br>02/09/05 | -0- | PD | A |
| 19 | Oldstone Food Services LLC<br>3115 Albany Post Road<br>Buchanan, NY 10511 | 26-3517867 | Delaware<br>10/09/08 | -0- | CCL | I |
| 20 | Oldstone Manor, LLC<br>28 Bear Mountain Bridge Road<br>Cortlandt Manor, NY 10567 | N/A | New York<br>12/21/04 | -0- | PD | I |
| 21 | Oldstone Manor Spa, LLC<br>28 Bear Mountain Bridge Road<br>Cortlandt Manor, NY 10567 | N/A | New York<br>05/06/05 | -0- | S | I |
| 22 | Oldstone Properties, LLC<br>28 Bear Mountain Bridge Road<br>Cortlandt Manor, NY 10567 | N/A | New York<br>05/15/06 | -0- | PD | I |
| 23 | Oldstone Ventures LLC<br>563 Riverside Ave<br>Westport, CT 06880 | 20-2997389 | New York<br>05/10/05 | -0- | PM | A |
| 24 | OM Food Services LLC<br>28 Bear Mountain Bridge Road<br>Cortlandt Manor, NY 10567 | 26-3573380 | New York<br>10/14/08 | -0- | FPB | I |

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 35 of 42

Case 08-51245    Doc 165-6    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
E-Description of Business    Page 3 of 9

Case 08-51245    Doc 66    Filed 04/22/09    Entered 04/22/09 14:14:08    Desc Main
Document    Page 3 of 9

| | | | | | | |
|---|---|---|---|---|---|---|
| 25 | RHF Pequot I LLC<br>Route 95<br>East Lyme, CT 06333 | 26-0099011 | Connecticut<br>10/22/04 | -0- | PD | I |
| 26 | RHF Pequot II LLC<br>Route 95<br>East Lyme, CT 06333 | 26-0099010 | Connecticut<br>10/22/04 | -0- | PD | I |
| 27 | Spa Traditions LLC<br>131 Varick St, Suite 930<br>New York, NY 10013 | 36-4621872 | Delaware<br>02/21/07 | -0- | SP | A |
| 28 | SouthEastern Atlantic<br>Consultants, INC<br>563 Riverside Ave<br>Westport, CT 06880 | N/A | Delaware<br>11/09/04 | -0 | C | A |
| 29 | Walden Heights At Harbison, LLC<br>5534 Bush River Rd<br>Columbia, SC 29212 | N/A | Georgia<br>12/27/02 | -0- | PD | I |
| 30 | Westport I Capital Holdings, LLC<br>563 Riverside Ave<br>Westport, CT 06880 | 26-3619806 | Delaware<br>10/22/08 | -0- | PM | A |
| | TOTAL | | | $22,583,000. | | |

*NATURE OF BUSINESS CODES:

C - CONSULTING
CCL - CREDIT CARD LOAN
FPB - FOOD PRODUCT BUYER
L - LIQUOR LICENSE
P - PROPERTY
PD - PROPERTY DEVELOPMENT
PM - PAYMASTER
R - RESTAURANT
S - SPA
SP - SPA PRODUCTS

Case 08-51245   Doc 854-2   Filed 04/15/11   Entered 04/15/11 09:58:25   Desc Exhibit
B   Page 36 of 42
Case 08-51245   Doc 165-6   Filed 06/26/09   Entered 06/26/09 14:14:53   Desc Exhibit
E-Description of Business   Page 4 of 9
Case 08-51245   Doc 88   Filed 04/22/09   Entered 04/22/09 14:14:08   Desc Main
Document   Page 4 of 9

**DESCRIPTION OF BUSINESS**

1.  The Harbison Group, LLC. This entity owns approx. 140 +/ acres of land outside of Columbia, SC.  Pursuant to appraisal obtained by Georgia Capital, LLC, as of 3/22/08 it appears the net value of the Harbison property is approx. $11,082,000.  Note that this appraisal includes those certain parcels of land which were segregated from The Harbison Group, LLC and transferred to an entity known as North South Development Group, LLC and which appraised at $2,887,000 . A first mortgage on the North South property was granted to Pradella/Olich in connection with the acquisition of the Monteverde property. Georgia Capital holds a first mortgage encumbering all properties owned by The Harbison Group, LLC and a second mortgage encumbering the properties owned by North South Development. LLC. -PD

2.  Monteverde, LLC owns approx. 27.84 acres in Cortlandt Manor, NY.   PD

3.  Monteverde Restaurant, LLC owns and operates that certain restaurant located on the Monteverde, LLC property. - R

4.  115 Allen Ground, LLC owns the lease for the first floor and basement retail space at 115 Allen Street, New York, NY.  The restaurant owned by Allen & Delancey, LLC operates out of this space. - P

5.  Richard H. Friedberg, LLC was formed to hold the liquor license for the restaurant operated by Allen & Delancey, LLC.  Richard H Friedberg, LLC is valued at zero and any value which the liquor license reflects is included in the value of the restaurant owned by Allen & Delancey, LLC. -L

6.  Allen & Delancey LLC / Originally Allen Street Ventures, LLC operates the 2600 +/- SF restaurant  located at 115 Allen Street, NY. -R

7.  Hilltop Development, LLC owns a parcel of property in Old Lyme, CT which is encumbered by a first mortgage in favor of Diebold.  The first mortgage is in default and is currently in foreclosure.  The property has no equity above and beyond the mortgage encumbering the property. -PD

8.  Team Capital, LLC's sole asset is a 75% membership interest in Mix it Smooth, LLC.  Mix it Smooth, LLC has ceased operations and has no value. -PM

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 37 of 42
Case 08-51245    Doc 165-6    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
E-Description of Business    Page 5 of 9
Case 08-51245    Doc 86    Filed 04/22/09    Entered 04/22/09 14:14:08    Desc Main
Document    Page 5 of 9

9.    Allen Street Food Services, LLC was formed to segregate certain credit card receipts for the purpose of using those credit card receipts to obtain financing. This entity never conducted business and has been valued at zero. -CCL

10.    Charles Point, LLC was formed to acquire a certain option to acquire property in Poughkeepsie, NY. The options have lapsed and this entity is not doing business and holds no assets at all. -PD

11.    Ely Road, LLC was formed to acquire an option on certain property located in Farmington, CT. The options have lapsed and this entity is both not conducting business and has no assets of any value. -PD

12.    LES Food Services, LLC was formed to act as a food buying agent for the Allen & Delancey restaurant. -FPB

13.    Meyers Building, LLC was formed to hold the lease on a certain warehouse located in Peekskill, NY. The lease contained an option to purchase the warehouse facility, which lease option has lapsed. The debtor and his affiliates are no longer using this particular warehouse facility and they have turned the property back to the landlord. -PD

14.    Mix it Smooth, LLC was formed to develop, distribute and market certain spa products, soaps, perfumes and related products. This entity never operated at a profit. But for some nominal remaining inventory, which the debtor values at approx. $1,000, the entity is has no value. -SP

15.    Monteverde Capital, LLC was formed to act as a common paymaster for the debtor's various business entities. A common paymaster situation exists when two or more related entities concurrently use one entity to account for receipts and pay expenses. -PM

16.    Monteverde Spa, LLC was formed to operate the spa business at the Monteverde development site. - S

17.    Monteverde Villas, LLC was formed to further develop the Monteverde property and never conducted business. -PD

18.    North South Development Group, LLC was formed to hold a portion of the South Carolina property originally owned by the Harbison Group, LLC to enable that portion of property, which is approx. 25 acres, to be used to grant a first mortgage to the Pradella/Olich parties in connection with the acquisition of the Monteverde property. Currently the approx. 25 acres are valued at approx. $2.8 million, as set forth in Georgia Capital's appraisal of 3/22/08, and is encumbered by a first mortgage, in the principal balance of $5 million, in favor of Pradella/Olich, and a second mortgage in favor of Georgia Capital. This property has no equity. - PD

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 38 of 42
Case 08-51245    Doc 165-6    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
E-Description of Business    Page 6 of 9
Case 08-51245    Doc 86    Filed 04/22/09    Entered 04/22/09 14:14:08    Desc Main
Document    Page 6 of 9

19.    Oldstone Food Services, LLC was formed to segregate certain credit card receipts for the purpose of using those credit card receipts to obtain financing.  This entity never conducted business and has been valued at zero. -CCL

20.    Oldstone Manor, LLC was formed to develop, market and operate the Inn at Monteverde. This entity never conducted business and is valued at zero. - PD

21.    Oldstone Manor Spa, LLC was formed to sell spa products at the spa which was to be operated by Oldstone Manor, LLC.  This entity was formed to isolate any potential product liability arising out of the sale of those spa products.  This entity never conducted business and has been valued at zero.  S

22.    Oldstone Properties, LLC was formed to develop, market and sell timeshare units in the condominium project which was to be built on the Monteverde site.  No condominiums have ever been constructed, no timeshares have ever been sold and Oldstone Properties, LLC has never conducted business. -PD

23.    Oldstone Ventures, LLC acts as the primary common paymaster for the debtor's various entities.  In this capacity Oldstone Ventures, LLC does not own any property, nor does it conduct business, but rather it aggregates receipts from the debtor's various business enterprises and pays bills for the debtor and his various business enterprises. The purpose of this common paymaster is simply to aggregate and simplify accounting procedures and to reduce the need for duplicative books and records at the entity level.-PM

24.    OM Food Services, LLC was formed for the purpose of acting as a food acquisition entity for the Monteverde restaurant.  This entity never commenced business and has never conducted business. -FPB

25.    RHF Pequot I, LLC was formed for the purpose of acquiring an option to acquire certain property located in East Lyme, CT.  The option lapsed more than two years ago and this entity holds no assets whatsoever. -PD

26.    RHF Pequot II, LLC was formed for the purpose of acquiring an option to acquire certain property located in East Lyme, CT.  The option lapsed more than two years ago and this entity holds no assets whatsoever. -PD

27.    Spa Traditions, LLC was formed for the purpose of developing certain spa products. -SP

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 39 of 42
Case 08-51245    Doc 165-6    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
E-Description of Business    Page 7 of 9
Case 08-51245    Doc 86    Filed 04/22/09    Entered 04/22/09 14:14:08    Desc Main
Document    Page 7 of 9

28.    Southeastern Atlantic Consultants, Inc. was formed for the purpose of enabling the debtor to provide real estate consulting services to others. After a concerted effort to market the debtor's services, this entity was closed due to a lack of business. This entity has not conducted business for several years and currently has no assets of any value. -C

29.    Walden Heights at Harbison, LLC was formed to act as a joint venture partner with respect to an apartment development on certain property owned by The Harbison Group, LLC. This particular project's development was completed approx. three (3) years ago and all profits were distributed at that time. This entity has not conducted any business over the course of the past three (3) years and is currently inactive. -PD

30.    Westport I Capital Holdings, LLC was formed by the debtor to segregate liabilities and expenses incurred in connection with the debtor's rented Westport, CT office. -PM

Case 08-51245   Doc 854-2   Filed 04/15/11   Entered 04/15/11 09:58:25   Desc Exhibit
B   Page 40 of 42
Case 08-51245   Doc 165-6   Filed 06/26/09   Entered 06/26/09 14:14:53   Desc Exhibit
E-Description of Business   Page 8 of 9
Case 08-51245   Doc 86   Filed 04/22/09   Entered 04/22/09 14:14:08   Desc Main
Document   Page 8 of 9

**B-2**
**Richard H. Friedberg**
**Limited Liability Companies**
**POST- PETITION**
**AFTER December 18, 2008**

| # | Name* | Tax ID # | State of Org. Date of Org. | Current Value | Nature of Business* | Active/ Inactive |
|---|-------|----------|----------------------------|---------------|---------------------|------------------|
| 1 | 115 Allen & Delancey LLC 115 Allen Street New York, NY 10002 | 26-3960886 | New York 01/02/09 | -0- | FSC | I |
| 2 | 115 Allen & Delancey FS LLC 115 Allen Street New York, NY 10002 | 26-3960682 | New York 01/02/09 | -0- | FPB | I |
| 3 | Carolina South Film LLC 563 Riverside Ave Westport, CT 06880 | 26-4297363 | Delaware 02/18/09 | -0 | MP | I |
| 4 | Monteverde at Oldstone Manor, LLC 28 Bear Mountain Bridge Road Cortlandt Manor, NY 10567 | 26-4297572 | Delaware 02/17/09 | -0- | PM | A |
| 5 | Monteverde Special Events, LLC 28 Bear Mountain Bridge Road Cortlandt Manor, NY 10567 | 26-4468995 | Delaware 03/12/09 | $50,000. | FSC | A |
| 6 | Spa Traditions NY LLC 131 Varick St. Suite 930 New York, NY 10013 | 26-4297650 | Delaware 02/17/09 | $10,000. | SP | A |

**TOTAL**   $60,000.*
\* Not included in Schedule B Total Assets

*NATURE OF BUSINESS CODES:

C  CONSULTING
CCL - CREDIT CARD LOAN
FPB - FOOD PRODUCT BUYER
FSC - FOOD SERVICE CATERING
L - LIQUOR LICENSE
MP - MOTION PICTURE DEVELOPMENT
P - PROPERTY
PD - PROPERTY DEVELOPMENT
PM  PAYMASTER
R - RESTAURANT
S - SPA
SP - SPA PRODUCTS

Case 08-51245    Doc 854-2    Filed 04/15/11    Entered 04/15/11 09:58:25    Desc Exhibit
B    Page 41 of 42
Case 08-51245    Doc 165-6    Filed 06/26/09    Entered 06/26/09 14:14:53    Desc Exhibit
E-Description of Business    Page 9 of 9
Case 08-51245    Doc 88    Filed 04/22/09    Entered 04/22/09 14:14:08    Desc Main
Document    Page 9 of 9

**\*DESCRIPTION OF BUSINESS**

1.      115 Allen & Delancey LLC  was formed to operate the food catering services for Allen and Delancey restaurant.  This entity never commenced business and is currently inactive. -FSC

2.      115 Allen & Delancey FS LLC was formed for the purpose of acting as a food acquisition entity for the Allen & Delancey restaurant. This entity never commenced business and has never conducted business. -FPB

3.      Carolina South Film LLC was originally formed as a motion picture development entity in 1987 or 1988and has not conducted business in more than 15 years.  Notwithstanding, the debtor became aware of the fact that a certain Escrow Fund in the amount of approximately $14,000, which was originally posted in 1990 by this entity in connection with certain litigation had been released.  In order to obtain a refund of the escrow fund a new entity with the same name as the old entity was formed which was less expensive than reinstating the long defunct original entity.  Upon receipt, the funds were transferred to Oldstone Ventures, LLC and used to pay ongoing bills related to ongoing operations.. -MP

4.      Monteverde at Oldstone Manor, LLC acts as a common paymaster for the debtor's various entities.  In this capacity , Monteverde at Oldstone Manor, LLC does not own any property, nor does it conduct business, but rather, it aggregates receipts from the debtor's various business enterprises and pays bills for the debtor and his various business enterprises. The purpose of this common paymaster is simply to aggregate and simplify accounting procedures and to reduce the need for duplicative books and records at the entity level.  To date this entity has had no activity. -PM

5.      Monteverde Special Events, LLC was formed to operate the food catering services and special events for Monteverde restaurant. This entity never commenced business and is currently inactive. -FSC

6.      Spa Traditions NY LLC was formed for the purpose of developing certain spa products.  Any value attributed to this entity is based on the value of inventory held. -SP

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

-------------------------------------------------------------X

In Re:                                          Chapter 11
                                                Case No. 08-51245 AHWS
**RICHARD H. FRIEDBERG,**

                          **Debtor**
-------------------------------------------------------------X

**GIANNINA PRAEDELLA AND
MILAN OLICH,**

                          **Movants**

v.

**RICHARD H. FRIEDBERG, NORTH SOUTH
DEVELOPMENT GROUP, LLC,
MONTEVERDE, LLC AND
GEORGIA CAPTIAL, LLC.,**

                          **Respondents**
-------------------------------------------------------------X

### ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

The foregoing Motion for Relief from Stay having been presented to this Court, it

is hereby

ORDERED, that the motion is GRANTED; and it is further

ORDERED, that pursuant to sections 362 (d)(1) and/or (d)(2) of the U.S.

Bankruptcy Code, Movants, Giannina Pradella and Milan Olich (the "Movants") the

automatic stay is hereby terminated in order to allow the Movants to pursue the South

Carolina Action, as such term is defined in the Motion.

Case 08-51245    Doc 1433-1    Filed 07/30/13    Entered 07/30/13 16:43:16    Desc
Exhibit A    Page 1 of 5

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | Fifth Judicial Circuit |
| COUNTY OF RICHLAND | ) | Civil Action No. 2009-CP-40-0681 |

|  |  |  |
|---|---|---|
| GIANNINA PRADELLA and MILAN OLICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ANSWER |
| | ) | |
| NORTH SOUTH DEVELOPMENT | ) | |
| GROUP, LLC; MONTEVERDE, LLC; and | ) | |
| GEORGIA CAPITAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW North South Development Group, LLC ("North South") and Monteverde,

LLC ("Monteverde"), Defendants in the above-captioned action, and make and file this their

answer to Plaintiffs' complaint, and show the Court as follows:

FOR A FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

FOR A SECOND DEFENSE

North South and Monteverde respond to the individually-numbered paragraphs of

Plaintiffs' complaint as follows:

1.

North South and Monteverde admit the allegations set forth in Paragraph 1 of Plaintiffs'

complaint, as though allegations relate to North South. North South and Monteverde are without

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set

forth in Paragraph 1 of Plaintiffs' complaint, and therefore deny those allegations.

2.

North South and Monteverde admit that on February 16, 2005, they delivered a document entitled "Mortgage Note" to Plaintiffs. North South and Monteverde state that the document speaks for itself, and specifically deny the validity of Plaintiffs' interpretation or construction of any term or condition of the Mortgage Note referred to in Paragraph 2 of Plaintiffs' complaint. North South and Monteverde deny the remaining allegations set forth in Paragraph 2 of Plaintiffs' complaint.

3.

North South and Monteverde admit that on February 16, 2005, North South delivered a document entitled "Mortgage of Real Estate and Security Agreement" to Plaintiffs. North South and Monteverde admit, upon information and belief, that the legal description of the affected property, which description was Exhibit A to the Mortgage, is accurately set forth in Paragraph 3 of Plaintiffs' complaint. North South and Monteverde deny the remaining allegations set forth in Paragraph 3 of Plaintiffs' complaint.

4.

North South and Monteverde admit the allegations set forth in Paragraph 4 of Plaintiffs' complaint.

5.

North South and Monteverde admit the allegations set forth in Paragraph 5 of Plaintiffs' complaint.

6.

North South and Monteverde state that the Mortgage document speaks for itself. North South and Monteverde specifically deny the validity of Plaintiffs' interpretation or construction of any term or condition of the Mortgage referred to in Paragraph 6 of Plaintiffs' complaint.

7.

North South and Monteverde deny the allegations set forth in Paragraph 7 of Plaintiffs' complaint.

8.

North South and Monteverde deny the allegations set forth in Paragraph 8 of Plaintiffs' complaint.

9.

North South and Monteverde deny the allegations set forth in Paragraph 9 of Plaintiffs' complaint, to the extent those allegations require a response.

10.

North South and Monteverde are without knowledge sufficient to form a belief as to truth or falsity of the allegations set forth in Paragraph 10 of Plaintiffs' complaint, and therefore deny those allegations.

11.

North South and Monteverde deny all other allegations set forth in Plaintiffs' complaint and not otherwise responded to herein. North South and Monteverde specifically deny Plaintiffs' entitlement to any of the relief prayed for in the unnumbered ad damnum clause following Paragraph 11 of Plaintiffs' complaint.

3

### FOR A THIRD DEFENSE

Pursuant to the terms of the Mortgage, Plaintiffs' only remedy is against the mortgaged premises themselves, and Plaintiffs may not recover from North South or Monteverde in this action any amounts obtained in judgment against North South or Monteverde, or costs or expenses.

### FOR A FOURTH DEFENSE

Monteverde is not a party to the Mortgage, is not the object of any deficiency action and may not be sued to foreclose the Mortgage.

### FOR A FIFTH DEFENSE

North South and Monteverde are both single-member limited liability companies, and their sole member is presently a party to a bankruptcy. This action should accordingly be stayed.

### FOR A SIXTH DEFENSE

North South and Monteverde assert and preserve the defenses of payment, accord and satisfaction, waiver, statute of limitations, misrepresentation and mistake.

WHEREFORE, North South and Monteverde pray:

(a)    for dismissal of Plaintiffs' complaint or, in the alternative, for judgment against Plaintiffs;

(b)    that all costs of this action be cast upon Plaintiffs;

(c)    for recovery of attorneys' fees, costs and expenses, and permitted under law; and

(d)    for such other and further relief as the Court deems mete and just.

4

This 13th day of April, 2009.

KEVIN M. ELWELL
South Carolina Bar No. 73971

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(864) 232-8060
(404) 759-2124 e-facsimile
kmelwell@kmelwell.com

Attorneys for Defendants North South
Development Group, LLC and Monteverde,
LLC

5

STATE OF SOUTH CAROLINA        )
                               )        IN THE COURT OF COMMON PLEAS
COUNTY   OF   RICHLAND         )        DOCKET NO. 2009-CP-40-0681

Giannina Pradella and Milan Olich,        )
                                          )
                        Plaintiffs,       )
                                          )        ORDER
            vs.                           )
                                          )
North South Development Group, LLC,       )
Monteverde, LLC, and Georgia Capital, LLC,)
                                          )
                        Defendants.       )
_____ )

This is a foreclosure action referred to the Richland County Master-in-Equity by

Order filed April 7, 2009. Initially a trial on the merits was scheduled for May 12, 2009 but

Defendants filed a Motion to Stay the proceedings based upon the filing of a petition in

bankruptcy of one of the principals of the corporate defendants North South Development

Group, LLC and Monteverde, LLC. This Motion was granted with leave for the Plaintiff to

move for relief from the stay to proceed with the foreclosure. On July 30, 2009 the United

States Bankruptcy Court for the District of Connecticut issued an order granting Plaintiffs

relief from the automatic stay allowing Plaintiff to move forward with this foreclosure action.

Thereafter, on October 29, 2009, this Court issued its Order lifting the stay so as to allow

the foreclosure action to proceed.

This action was then scheduled for a judgment hearing on March 24, 2010 but was

continued and then rescheduled for a judgment hearing on May 13, 2010. On or about May

12, 2010 counsel for Defendants filed a Motion requesting another continuance in the

action which was opposed by Plaintiffs. At the same time Kevin M. Elwell, counsel for

Plaintiffs, moved the court for an order to withdraw as counsel on the grounds that counsel

1

no longer felt that he could effectively represent his clients who had failed to abide by their obligations to counsel. This Court granted Mr. Elwell's Motion to Withdraw and thereafter, this matter was set for a judgment hearing on July 22, 2010 at 9:15 a.m.

Based upon the above history of the case and information provided to this Court, IT IS HEREBY ORDERED:

1.    That Kevin M. Elwell is hereby relieved as counsel for Defendants;

2.    The matter shall proceed for a judgment hearing on the merits on July 22, 2010 at 9:15 a.m. No further continuances shall be allowed.

AND IT SO ORDERED.

_____
Joseph M. Strickland
Master-In-Equity for Richland County

Columbia, South Carolina

June 17, 2010

2

## McDONALD, McKENZIE, RUBIN, MILLER, AND LYBRAND, L.L.P.

ATTORNEYS AT LAW

ROBERT A. McKENZIE
HYMAN S. RUBIN, JR.
BEN N. MILLER, III
JAMES B. LYBRAND, JR.†
RONALD E. ALEXANDER
KEVIN T. BROWN
JOHN F. McKENZIE*
DAMON C. WLODARCZYK
B. REYNOLDS ELLIOTT

POST OFFICE BOX 58
COLUMBIA, SOUTH CAROLINA 29202

2ND FLOOR, 1704 MAIN STREET
COLUMBIA, SOUTH CAROLINA 29201
www.mmrml.com

HEYWARD E. McDONALD
1925-2000

TELEPHONE (803) 252-0500
FAX (803) 929-3530

†CERTIFIED MEDIATOR AND ARBITRATOR
*ALSO ADMITTED IN TEXAS

June 16, 2010

**HAND DELIVERED**
The Honorable Joseph M. Strickland
Richland County Master-in-Equity
1701 Main Street
Columbia, SC 29201

Re:   Giannina Praedella, et al., vs. North South Development Group, LLC
      Docket No. 2009-CP-40-681

Dear Judge Strickland:

I am enclosing a proposed Order in connection with the above-referenced matter which is scheduled for a merits hearing before you on July 22 at 9:15 a.m. I trust that you will find the language of the Order to be satisfactory but if any revisions are needed, please let me know.

By copy of this letter to Kelvin L. Elwell, who formerly represented Defendants, I am providing a copy of the proposed Order to him.

If anything further is required, please let me know.

With Kind Regards,

McDonald, McKenzie, Rubin,
Miller and Lybrand, L.L.P.

James B. Lybrand, Jr.

JBLjr\pa
Enc.
cc:   Kevin M. Elwell, Esquire
      Randolph R. Lowell, Esquire

# EXHIBIT B

Case 08-51245    Doc 1437-2    Filed 08/01/13    Entered 08/01/13 15:12:08    Desc
Exhibit B    Page 2 of 6

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | |
| GIANNINA PRADELLA and MILAN OLICH,, | ) | CASE NO. |
| ☐ Plaintiff | ) | 2009-CP-40-0681 |
| v. | ) | MOTION AND ORDER INFORMATION |
| North South Development Group, Llc | ) | FORM AND COVER SHEET |
| ☐ Defendant. | ) | |

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| Kevin T. Brown, Bar No. 64236 | Kevin M. Elwell, Bar No. 73971 |
| Address: | Address: |
| 1704 Main Street, 2nd Floor, Columbia SC 29202 | 111 East North Street, Greenville SC 29601 |
| phone: 803-252-0500 fax: 803-252-6705 | phone: 828-246-5400 fax: 828-210-0178 |
| e-mail: kevin@mmrml.com other: | e-mail: kmelwell@kmelwell.com other: |

☐ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☒ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

**SECTION I: Hearing Information**

Nature of Motion: to withdraw as counsel
Estimated Time Needed:      Court Reporter Needed: ☐ YES / ☐ NO

**SECTION II: Motion/Order Type**

☒ Written motion attached
☐ Form Motion/Order
      I hereby move for relief or action by the court as set forth in the attached proposed order.

_Kevin Y Elwell_                                        June 1, 2010
Signature of Attorney for ☐ Plaintiff ☒ Defendant                Date submitted

**SECTION III: Motion Fee**

☒ PAID – AMOUNT: $25.00
☐ EXEMPT:    ☐ Rule to Show Cause in Child or Spousal Support
(check reason)    ☐ Domestic Abuse or Abuse and Neglect
      ☐ Indigent Status    ☐ State Agency v. Indigent Party
      ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
      ☐ Motion for Stay in Bankruptcy
      ☐ Motion for Publication    ☐ Motion for Execution (Rule 69, SCRCP)
      ☐ Proposed order submitted at request of the court; or,
            reduced to writing from motion made in open court per judge's instructions
      Name of Court Reporter:
      ☐ Other:

**JUDGE'S SECTION**

| ☐ Motion Fee to be paid upon filing of the attached order. | |
|---|---|
| ☐ Other: | JUDGE |
| | CODE:            Date: |

**CLERK'S VERIFICATION**

Date Filed:

Collected by: _DMPradu_

☐ MOTION FEE COLLECTED: _25_
☐ CONTESTED – AMOUNT DUE:

CERTIFIED TRUE COPY
OF ORIGINAL FILED,
_Jeanette WM Bruder_
C.C.C.P.&G.S.
RICHLAND COUNTY
SOUTH CAROLINA

SCCA/233 (11-03)

**Kevin M. Elwell**
Attorney at Law

admitted in
North Carolina, ~~~~ and South Carolina

1 June 2010

Hon. Joseph M. Strickland
Master in Equity
Fifth Judicial Circuit
1701 Main Street
Columbia, South Carolina 29201-9201

RE:    *Giannina Pradella and Milan Olich v. North South Development Group,*
       *LLC; Monteverde, LLC and Georgia Capital, LLC*
       Court of Common Pleas, Richland County, South Carolina
       Civil Action No. 2009-CP-40-0681

Dear Judge Strickland:

    Please find enclosed an original and three copies of my motion to withdraw as counsel
for Defendants North South and Monteverde in the above-referenced action. If your office could
forward filed copies of the motion to counsel in the enclosed post-paid envelopes, we would be
obliged. Thanks for your kind attention to this matter.

                            Sincerely yours,

                            Kevin M. Elwell

Enclosures
cc:    Kevin T. Brown, Esq.
       Randall R. Lowell, Esq.
ec:    Mr. Richard H. Friedberg

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | Fifth Judicial Circuit |
| COUNTY OF RICHLAND | ) | Civil Action No. 2009-CP-40-0681 |
| | ) | |
| GIANNINA PRADELLA and MILAN OLICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MOTION TO WITHDRAW |
| | ) | |
| NORTH SOUTH DEVELOPMENT GROUP, LLC; MONTEVERDE, LLC; and GEORGIA CAPITAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Kevin M. Elwell of K.M. Elwell, P.C., counsel in the above-captioned action for Defendants North South Development Group, LLC ("North South") and Monteverde, LLC ("Monteverde"), and files this his motion to withdraw as counsel, and shows the Court as follows:

1.

North South and Monteverde are LLCs both managed by Richard Friedberg.

2.

Counsel no longer feels that he can effectively continue to effectively represent North South and Monteverde in this action, and believes that withdrawal can be accomplished without material adverse effect on those defendants' interests.

3.

Further, North South and Monteverde have failed to abide by their obligations to counsel regarding services and payment therefor, authorizing withdrawal under Rule 1.16(b)(5) of the South Carolina Rules of Professional Conduct.

Case 08-51245   Doc 1437-2   Filed 08/01/13   Entered 08/01/13 15:12:08   Desc
Exhibit B   Page 5 of 6

4.

Counsel has given reasonable warning to North South and Monteverde and to Mr.

Friedberg that he would withdraw unless payment for services was made.

WHEREFORE, Kevin M. Elwell prays that the Court grant his motion, and relieve him

and K.M. Elwell, P.C. as counsel for North South and Monteverde in this action.

This 1st day of June, 2010.

_Kevin M. Elwell_
KEVIN M. ELWELL
South Carolina Bar No. 73971

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(828) 246-5400
(828) 210-0178 facsimile
kmelwell@kmelwell.com

Attorneys for Defendants North South
Development Group, LLC and Monteverde,
LLC

CERTIFIED TRUE COPY
OF ORIGINAL FILED,
_Jeanette W McBride_
C.C.C.P.&G.S.
RICHLAND COUNTY
SOUTH CAROLINA

2

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | Fifth Judicial Circuit |
| COUNTY OF RICHLAND | ) | Civil Action No. 2009-CP-40-0681 |
| | ) | |
| GIANNINA PRADELLA and MILAN | ) | |
| OLICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| NORTH SOUTH DEVELOPMENT | ) | |
| GROUP, LLC; MONTEVERDE, LLC; and | ) | |
| GEORGIA CAPITAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This is to certify that I have this day served a copy of the foregoing MOTION TO

WITHDRAW upon the following parties by depositing same in the United States Mail in a

properly-addressed envelope with adequate postage affixed:

Kevin T. Brown, Esq.                        Randall R. Lowell, Esq.
McDonald, McKenzie, Rubin                   Willoughby & Hoefer, P.A.
Miller & Lybrand, L.L.P.                     PO Box 8416
PO Box 58                                    Columbia, South Carolina 29202
Columbia, South Carolina 29202

This 1st day of June, 2010.

                                             _Kevin M. Elwell_
                                             KEVIN M. ELWELL
                                             South Carolina Bar No. 73971

K.M. ELWELL, P.C.
111 East North Street
Greenville, South Carolina 29601
(828) 246-5400
(828) 210-0178 facsimile
kmelwell@kmelwell.com

                                             Attorneys for Defendants North South
                                             Development Group, LLC and Monteverde,
                                             LLC

CERTIFIED TRUE COPY
OF ORIGINAL FILED,
_Jeanette WMcBride_
C.C.C.P.&G.S.
RICHLAND COUNTY
SOUTH CAROLINA

EXHIBIT

B

AFFIDAVIT

Kevin T. Brown, being duly sworn, deposes and states as follows:

1.  On or about November 19, 2008, my firm was hired by Giannina Pradella ("Pradella")and  Milan Olich ("Olich")to foreclose a note and mortgage on real estate located in Richland County, South Carolina given by North South Development Group, LLC and Monteverde, LLC.

2.  The Summons and Complaint were filed in February, 2009. The Defendants North South Development Group, LLC ("North South")and Monteverede, LLC ("Monteverde"), through counsel Kevin M. Elwell, answered.  The Defendant Georgia Capital, which held the second mortgage on the subject property, also answered.

3.  By consent of the parties, the case was referred to Joseph M. Strickland, Master in Equity for Richland County for a final judgment by Order dated April 7, 2009. Initially a trial on the merits was scheduled for May 12, 2009, but Defendants Monteverde and North South filed a Motion to Stay the proceedings based upon the filing of a petition in bankruptcy by Richard Friedberg, one of the principals of the corporate defendants North South and Monteverde.

4.  This Motion was granted with leave for Pradella and Olich to move for relief from the stay to proceed with the foreclosure.  On July 30, 2009, the United States Bankruptcy Court for the District of Connecticut issued an order allowing Plaintiff to move forward with this foreclosure action.

5.  This action was then scheduled for a judgment hearing on March 24, 2010, but was continued and then rescheduled for a judgment hearing on May 13, 2010. On or about May 12, 2010 counsel for Defendants filed a Motion requesting another continuance in the action which was opposed by Plaintiffs.

6.  At the same time Kevin M. Elwell, counsel for North South and Monteverde, moved the court for an order to withdraw as counsel on the grounds that counsel no longer felt that he could effectively represent his clients who had failed to abide by their obligations to counsel. The Court granted Mr. Elwell's Motion to Withdraw and thereafter, this matter was set for a judgment hearing on July 22, 2010 at 9:15 a.m.

7.  The Honorable Joseph M. Strickland, Master in Equity for Richland County conducted an evidentiary hearing on July 22, 2010. All parties or counsel were provided notice of the hearing. At the hearing, Pradella and Olich, through counsel submitted to the Court the loan documents as well as an affidavit detailing the sums currently due. The Court reviewed the evidence presented and issued a Master's Report and Judgment of Foreclosure and Sale, which approved the Plaintiff's right to a deficiency judgment against North South and Monteverde if not paid in full out of the proceeds of sale.

8.  The foreclosure sale occurred on October 4, 2010, and the Plaintiff was the high bidder with a bid of $3,750,000.00. Based upon a September 7, 2010 appraisal by Kennedy Watson, McKinney & Associates, Inc., showing a substantial decline in value for the property. Because a deficiency judgment was demanded, the bidding remained open for 30 days. No other bids being made, the Plaintiffs were declared the high bidder with a bid of $3,750,000.00.

9.  The Court determined the judgment debt owed to the Plaintiff by Monteverde and North South was $5,692,058.99, and entered a deficiency judgment against them and in favor of the Plaintiffs in the amount of $1,942,058.99. This judgment represents a valid South Carolina judgment in favor of Pradella and Olich and against the Defendants North South and Monteverde.

_____

Kevin T. Brown, Esquire

SWORN to before me this

_12_ day of _August_____, 2013.

_____

Notary Public for South Carolina

My Commission expires: _6/13/2023_



EXHIBIT

C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| ESTATE OF RICHARD H. FRIEDBERG, | ) |
| 114 ALLEN GROUND, LLC, | ) |
| ALLEN & DELANCY, LLC, | ) |
| and MONTEVERDE RESTAURANT, | ) |
| LLC, | ) |
| | ) |
| Debtors. | ) |

Chapter 7

Lead Case No. 08-51245 (AHWS)
  (Administratively Consolidated)

## AFFIDAVIT OF KEVIN M. ELWELL

State of Georgia
County of Glynn

CAME BEFORE ME, the undersigned officer duly authorized to administer oaths, Kevin

M. Elwell, who, upon being sworn, deposes and states;

1.

My name is Kevin M. Elwell. I am over 18 years of age and am competent in all respects

to testify to the matters asserted herein. I have personal knowledge of those matters and know

them to be true. This affidavit is given for any lawful purpose.

2.

I graduated from the University of North Carolina School of Law in 1995, and hold

licenses to practice law in the states of Georgia, North Carolina and South Carolina. I am

presently an attorney primarily in the State of Georgia, and I now reside in Brunswick, Glynn

County, Georgia.

3.

Previously, I resided in Greenville, South Carolina, and was the principal in K.M. Elwell, P.C. In late February 2009, I was retained by Richard Friedberg to represent the interests of North South Development Group, LLC and Monteverde, LLC in an action captioned <u>Gianina Pradella and Milan Olich v. North South Development Group, LLC, Monteverde, LLC and Georgia Capital, LLC</u>, then pending in the Court of Common Pleas for Richmond County, South Carolina.

4.

I filed an answer on behalf of North South Development Group, LLC and Monteverde, LLC in April 2009. Almost immediately, I began to experience difficulty in getting Mr. Friedberg to keep his companies' legal bills paid. In approximately May 2010, Mr. Friedberg identified the recently-appointed trustee in his bankruptcy, an attorney in Connecticut named Melissa Zelen Neier, as someone who should be interested in retaining my firm to continue in the defense of North South Development Group, LLC and Monteverde, LLC in the <u>Pradella</u> case.

5.

I contacted Ms. Neier and had at least one telephone conversation with her regarding retaining my firm. Ms. Neier declined to do so on behalf of the Estate. Following this, I resumed my efforts to extract payment from Mr. Friedberg, to no avail. On June 14, 2010, I filed a motion to withdraw, and I was eventually relieved as counsel for North South Development Group, LLC and Monteverde, LLC.

6.

I do not have notes or memoranda that document the exact date that I spoke with Ms. Neier, but I do recall having a conversation with her over the telephone. Given that Ms. Neier was not appointed as trustee until April 28, 2010, and my motion to withdraw was filed June 14, 2010, I am certain that my conversation with Ms. Neier occurred between those dates.

FURTHER AFFIANT SAYETH NAUGHT.

KEVIN M. ELWELL
Georgia Bar No. 246909

512 Albany Street
Brunswick, Georgia 31520

Sworn to and subscribed
before me this 6th day
of August, 2013.

NOTARY PUBLIC

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |  |
|---|---|---|
| In Re | * | Case No. 08-51245(AHWS) |
|  | * |  |
|  | * |  |
| RICHARD H. FRIEDBERG, | * |  |
|  | * |  |
| Debtor. | * |  |
|  | * |  |
|  |  |  |
| RICHARD FRIEDBERG, | * | Adv. Proc. No. 11-5004 |
|  | * |  |
| Plaintiff, | * | Bridgeport, Connecticut |
|  | * | July 16, 2013 |
| v. | * |  |
|  | * |  |
| MELISSA ZELEN NEIER, | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * *

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE ALAN H.W. SHIFF
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor:              PETER L. RESSLER, ESQ.
                             Groob Ressler & Mulqueen
                             123 York Street, Suite 1B
                             New Haven, CT  06511

For the Defendant:           MELISSA ZELEN NEIER, ESQ.
                             Ivey Barnum & O'Mara
                             170 Mason Street
                             P.O. Box 1689
                             Greenwich, CT  06836

Court Recorder:              MS. SUJATA RAI

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore  Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

20

1   Pradella and Olich might have to any assets of the estate,

2   resided in this court, not in any other court.

3          THE COURT:  Well, wasn't there a relief from stay?

4          MS. NEIER:   Your Honor, then there was -- I believe

5   in the South Carolina court, a South Carolina judge, asked

6   Pradella and Olich, the plaintiffs in the foreclosure matter,

7   to come to this court and to obtain a lift stay order.

8          THE COURT:  And they got it.

9          MS. NEIER:   They did obtain a lift stay order and

10   in the lift stay order there was a sentence that said no

11   deficiency judgment may be enforced without further order of

12   this court.

13          THE COURT:  All right.  So why didn't you follow up

14   on that and make sure that nobody disobeyed an order that

15   protected your -- all you are is a shareholder.

16          MS. NEIER:   Your Honor, again, this was done in

17   July of 2009.  And I was appointed in May of --

18          THE COURT:  Then you've got to look at --

19          MS. NEIER:   -- 2010.

20          THE COURT:  Then you have to read what happened

21   before you got on board.

22          MS. NEIER:   Yes, Your Honor --

23          THE COURT:  Because what's happening now is a South

24   Carolina judge entered an order which you are arguing, and

25   possibly persuasively, except that you've got the problem with

Westlaw.

502 B.R. 8

(Cite as: 502 B.R. 8)

H

United States Bankruptcy Court,

D. Connecticut,
Bridgeport Division.
In re Richard H. FRIEDBERG, Debtor.
No. 08–51245 AHWS.

Nov. 21, 2013.

**Background:** Chapter 7 trustee moved to obtain court approval of proposed compromise.

**Holdings:** The Bankruptcy Court, Alan H. Shiff, J., held that:

(1) deficiency judgment previously entered by state court in mortgage foreclosure action, in violation not only of nonrecourse language in mortgage note but of prior order of bankruptcy court lifting stay solely for purpose of allowing mortgagee to foreclose on mortgage property, was not entitled to full faith and credit, and

(2) compromise would be approved as being fair and equitable and in best interest of estate.

Motion granted.

West Headnotes

[1] Bankruptcy 51 ☞3033

51 Bankruptcy
    51IX Administration
        51IX(A) In General
            51k3032 Compromises, Releases, and Stipulations
            51k3033 k. Judicial authority or approval. Most Cited Cases
    Generally, court approval of proposed compromise under Bankruptcy Rule requires the proponent to show that compromise is fair, equitable, and in estate's best interest. Fed.Rules Bankr.Proc.Rule 9019, 11 U.S.C.A.

[2] Federal Courts 170B ☞3045(6)

170B Federal Courts
    170BXV State or Federal Laws as Rules of Decision; Erie Doctrine
        170BXV(B) Application to Particular Matters
            170Bk3022 Procedural Matters
            170Bk3045 Judgment; Orders
            170Bk3045(6) k. Conclusiveness; res judicata and collateral estoppel. Most Cited Cases
        (Formerly 170Bk420)
    **Judgment 228 ☞828.4(1)**

228 Judgment
    228XVII Foreign Judgments
        228k828 Effect of Judgments of State Courts in United States Courts
            228k828.4 Full Faith and Credit
            228k828.4(1) k. In general. Most Cited Cases
    Federal court follows two-step process in deciding whether to give full faith and credit to state court judgment, under which it (1) examines law of state in which judgment was entered and asks whether that state's law would afford full faith and credit to judgment in question, and if it answers this first question in the affirmative, (2) decides whether recognized exception exists which would deny full faith and credit to state court judgment. 28 U.S.C.A. § 1738.

[3] Judgment 228 ☞713(1)

228 Judgment
    228XIV Conclusiveness of Adjudication
        228XIV(C) Matters Concluded
            228k713 Scope and Extent of Estoppel in General
            228k713(1) k. In general. Most Cited Cases
    Under South Carolina law, when issue of fact or law

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

502 B.R. 8

(Cite as: 502 B.R. 8)

is actually litigated and determined by valid and final judgment, and when that determination is essential to judgment, determination of issue is conclusive in subsequent action between the parties, whether on the same or on different claim. Restatement (Second) of Judgments § 27.

**[4] Bankruptcy 51 ⊂⇒3078(3)**

51 Bankruptcy

    51IX Administration
        51IX(B) Possession, Use, Sale, or Lease of Assets
            51k3067 Sale or Assignment of Property
                51k3078 Application of Proceeds
                    51k3078(3) k. Mortgages. Most Cited Cases
**Judgment 228 ⊂⇒828.21(2)**

228 Judgment

    228XVII Foreign Judgments
        228k828 Effect of Judgments of State Courts in United States Courts
            228k828.21 Particular Federal Proceedings
                228k828.21(2) k. Bankruptcy. Most Cited Cases
**Mortgages 266 ⊂⇒559(9)**

266 Mortgages

    266X Foreclosure by Action
        266X(N) Deficiency and Personal Liability
            266k559 Personal Judgment for Deficiency
                266k559(9) k. Construction, operation, and effect. Most Cited Cases
Deficiency judgment previously entered by state court in mortgage foreclosure action, in violation not only of nonrecourse language in mortgage note but of prior order of bankruptcy court lifting stay solely for purpose of allowing mortgagee to foreclose on mortgaged property, was not entitled to full faith and credit, so that recording of judgment against Chapter 7 debtor's other property did not give mortgagee any lien rights that attached to proceeds from sale of this property free and clear of all interests that arose; for bankruptcy court to recognize mortgagee's lien rights in proceeds from sale of debtor's

other property, by according full faith and credit to prior deficiency judgment that mortgagee obtained only by keeping state court in the dark both of limitations imposed by nonrecourse language in mortgage note and of limited purpose for which it was granted relief from stay, would inappropriately reward mortgagee for its improper conduct. 11 U.S.C.A. § 363(f); 28 U.S.C.A. § 1738.

**[5] Bankruptcy 51 ⊂⇒3033**

51 Bankruptcy

    51IX Administration
        51IX(A) In General
            51k3032 Compromises, Releases, and Stipulations
                51k3033 k. Judicial authority or approval. Most Cited Cases
In deciding whether to approve proposed compromise, it is not necessary for bankruptcy court to conduct mini-trial; court need only canvass the issues and see whether compromise falls below lowest point in range to reasonableness. Fed.Rules Bankr.Proc.Rule 9019, 11 U.S.C.A.

**[6] Bankruptcy 51 ⊂⇒3033**

51 Bankruptcy

    51IX Administration
        51IX(A) In General
            51k3032 Compromises, Releases, and Stipulations
                51k3033 k. Judicial authority or approval. Most Cited Cases
While bankruptcy court may consider a creditor's objection to proposed compromise, objection is not controlling, and will not bar approval when review of the settlement shows it does not fall below lowest point in range of reasonableness. Fed.Rules Bankr.Proc.Rule 9019, 11 U.S.C.A.

**[7] Bankruptcy 51 ⊂⇒3033**

51 Bankruptcy

    51IX Administration

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

502 B.R. 8

(Cite as: 502 B.R. 8)

51IX(A) In General
51k3032 Compromises, Releases, and Stipulations
51k3033 k. Judicial authority or approval. Most Cited Cases

Bankruptcy court would approve, as fair and equitable and being in best interest of estate, proposed compromise regarding distribution of proceeds from sale of Chapter 7 debtor's real property free and clear of all interests therein, where compromise had support of all parties other than debtor and creditors of debtor's wholly-owned subsidiary, and where, but for the compromise, there would have been no distribution to holders of allowed unsecured claims. Fed.Rules Bankr.Proc.Rule 9019, 11 U.S.C.A.

*9 Melissa Zelen Neier, Esq., Ivey Barnum & O'Mara, LLC, Greenwich, CT, for Ch. 7 Trustee.

Peter L. Ressler, Esq., Groob Ressler & Mulqueen, New Haven, CT, for the Debtor.

Maximino Medina, Jr., Esq., Zeldes, Needle & Cooper, P. C., Bridgeport, CT, for Creditor Marianne Howatson.

Ann M. Nevins, Esq., AUSA, United States Attorney's Office, Bridgeport, CT, for Creditor Internal Revenue Service.

Louis Testa, Esq., Asst. A.G., Office of the N.Y.S. Attorney General, Albany, NY, for Creditor N.Y.S. Department of Taxation & Finance.

Jeffrey Hellman, Esq., The Law Offices of Jeffrey Hellman, LLC, New Haven, CT, for Creditor Georgia Capital, LLC.

Roberta Napolitano, Esq., Bridgeport, CT, for Ch. 7 Trustee of Bankruptcy Estate of Monteverde Restaurant, LLC.

*10 Thomas R. Langan, Esq., Dempsey & Langan, Peekskill, NY, for Giannina Pradella and Milan Olich.

Thomas O'Neill, Esq., Day Pitney LLP, Stamford, CT, for Chicago Title Insurance Co.

Steven Mackey, Esq., Trial Attorney, New Haven, CT, for the U.S. Trustee, Region 2.

## MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S RULE 9019 MOTION

ALAN H. SHIFF, Bankruptcy Judge.
### Introduction

The chapter 7 trustee [FN1] has filed a motion under Bankruptcy Rule 9019, Fed. R. Bankr.P., for approval of a settlement of all claims against the debtor's bankruptcy estate. The debtor, and Giannina Pradella and Milan Olich ("P & O"), who are not creditors of the estate but claim to be creditors of Monteverde, LLC, one of the debtor's wholly owned or controlled non-debtor entities, object. For the reasons that follow, the trustee's motion is granted.

FN1. This case was filed by the debtor on December 18, 2008, under chapter 11 of the Bankruptcy Code. On April 30, 2010, Attorney Neier was appointed the chapter 11 trustee. On June 23, 2010, this case was converted to chapter 7. The debtor appealed the court's order converting his case. On September 6, 2011, the district court vacated this court's conversion order and remanded the matter back to this court. On April 26, 2013, an order entered again converting the debtor's case to one under chapter 7; that is a final order. Since April 26, 2012, Attorney Neier has served as the chapter 7 trustee in this case.

### Background

The court provided a detailed background of this case in a prior decision. See In re Friedberg, Case No. 08–51245, 2012 WL 966940, slip op. (Bankr.D.Conn. Mar. 21, 2012) (hereafter, " P & O Claim Denial ").[FN2] Familiarity with that decision is assumed; however, certain of the findings will be restated as context to the conclusion reached in this controversy.

FN2. In the March 21, 2012 decision, the court concluded that P & O are not creditors of this estate.

On December 12, 2008, the debtor filed for bankruptcy relief under chapter 11. According to his schedules, he claimed controlling interests in various

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

502 B.R. 8

(Cite as: 502 B.R. 8)

entities, including Monteverde, LLC ("Monteverde") and North South Development, LLC ("North South"). *See P & O Claim Denial,* 2012 WL 966940, at *1. Monteverde was established to hold real property in Cortlandt Manor, New York ("NY Property"). The debtor was the 100% member of Monteverde. (*See* Trial Tr. 27:17–20 (Nov. 9, 2011); ECF No. 1019.) North South was a limited liability company through which the debtor held real property in South Carolina ("SC Property"). (*See id.*) Neither Monteverde nor North South have sought bankruptcy protection. *See P & O Claim Denial,* 2012 WL 966940, at *1.

On July 23, 2009, P & O filed a proof of claim based on a 2005 real estate transaction in which they sold the N.Y. Property to Monteverde. *See id.* As part of the consideration for the sale, P & O received a $5 million note from Monteverde and North South ("Note"), which was secured *solely* by a mortgage on the SC Property ("Mortgage"). *See id.* That restriction on recourse was specifically stated in the Mortgage and incorporated into the Note. The relevant language in the Mortgage stated:

**AND IT IS FURTHER AGREED THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS MORTGAGE OR IN THE NOTE,** Mortgagee [P & O] shall satisfy any judgment obtained by *11 it against Monteverde LLC or Mortgagor [*i.e.,* North South] for any amounts due under and in accordance with the terms and conditions of the Note by the exercise of the rights of Mortgagee under this Mortgage to foreclose on the Mortgage Premises as herein provided *and not otherwise. No other property or assets of Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of Mortgagor or Monteverde LLC shall be subject to levy, execution or other enforcement procedures for the satisfaction of any payments required under the Note.* Mortgagee shall not bring any action to obtain a judgment against Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of mortgagor or Monteverde LLC or any member, officer, director or shareholder of any of them for any amounts becoming due and owing under the Note except as part of a judicial proceeding to foreclose under and *in accordance with this mortgage.*

(ECF No. 854–2 at 29–30 (bold in original; italicized emphasis added).) The corresponding Note stated "that all of the covenants, conditions, and agreements contained in said mortgage are hereby made part of this instrument." (ECF No. 854–2 at 22.)

On or about January 30, 2009, after Monteverde and North South defaulted on the Note, P & O commenced a foreclosure action in South Carolina ("Foreclosure Action"). The text of the foreclosure complaint alleged a basis for a deficiency judgment against both Monteverde and North South, but the relief sought was limited to a "right to a judgment against [North South] for any deficiency". (*Cf.,* Foreclosure Complaint at ¶ 9, p. 3, *with* "Prayer for Relief" at ¶ 4, p. 5; ECF No. 165–2.) It is noteworthy that the summons served with Foreclosure Complaint placed Monteverde and the other defendants on notice that if they failed to file a responsive pleading, P & O would seek a default judgment "for the *relief* demanded in the Complaint". (*See* Summons, Foreclosure Action, ECF No. 165–2 (Exh. A) (emphasis added).)

On April 13, 2009, Monteverde and North South filed an answer ("Foreclosure Answer"), which included affirmative defenses that P & O's recourse was limited to the SC Property and that Monteverde was not a party to the Mortgage and not subject to any deficiency action. (*See* Foreclosure Answer, Third Defense, and Fourth Defense, p. 4; ECF No. 1433–1 (Exh. A.).)

The South Carolina court stayed the Foreclosure Action over concerns that it might adversely affect this bankruptcy case. *See P & O Denial Decision* at *2. On June 26, 2009, P & O filed a motion for relief from the automatic stay. *See* 11 U.S.C. § 362(d). On July 30, 2009, this court entered an order ("Stay Relief Order"), which granted P & O limited relief from stay to proceed with the Foreclosure Action. *See id.* The Stay Relief Order concluded: "*No deficiency judgment shall be enforced without the further order of this court.*" (ECF No. 194 (emphasis added).) Thus, although P & O were not prohibited from seeking and obtaining a deficiency judgment, they were barred from enforcing any such deficiency judgment without the further order of this court, which they neither sought nor received.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

502 B.R. 8

(Cite as: 502 B.R. 8)

Thereafter, a sale of the SC Property was ordered, and it was sold for approximately $3.1 million. *See Id.* Because the sale proceeds did not satisfy the amount claimed, P & O continued the prosecution of their Foreclosure Action to obtain a *12 deficiency judgment against Monteverde and North South.

On July 22, 2010, a deficiency judgment hearing was conducted. (*See* Trustee's Reply Brief at 3; ECF No. 1458.) Although, as noted, Monteverde and North South had filed an answer, neither defended P & O's Foreclosure Action. (*See* P & O's Reply to Trustee's Supplemental Brief at 7; ECF No. 1443; *see also* June 17, 2010 Order in Foreclosure Action (granting motion of counsel of North South and Monteverde to withdraw); ECF No. 1433–3 (Exh. C).) On December 31, 2010, a deficiency judgment of $1.9 million entered in the Foreclosure Action against Monteverde and North South ("Deficiency Judgment"). *See P & O Denial Decision* at *2*.

On December 3, 2010, as the Foreclosure Action was pending, the trustee, as holder of the entire equity interest of the debtor in Monteverde, filed a motion to sell the N.Y. Property free and clear of all interests with any interest to attach to the proceeds. *See* 11 U.S.C. § 363(f). (*See* Trustee's "Motion for an Order (i) Authorizing and Approving Bidding Procedures ... (iii) Scheduling an Auction and Sale Hearing ... and (v) Granting Related Relief..."; ECF No. 686.) P & O did not object. The court approved the bidding procedures (*see* ECF No. 698), the N.Y. Property was sold at a January 19, 2011 auction for $2.3 million ("Sale Proceeds"), and the sale was approved on January 24, 2011 (*see* ECF No. 744). The Sale Order provided:

> ORDERED, that this Court has jurisdiction to determine the validity, priority and extent of any liens, claims, and interest, if any, asserted to be due and owing from the proceeds of the sale and to enforce the terms of this Order....

(Sale Order at p. 2.) The sale closed on February 15, 2011.

On a parallel track and notwithstanding this court's Stay Relief Order, on January 31, 2011, P & O caused the Deficiency Judgment to be recorded as a lien against the N.Y. Property on the Westchester County, New York land records ("Judgment Lien"). *See P & O Denial Decision* at *2.* On March 11, 2011, P & O demanded the payment of the net Sale Proceeds in satisfaction of the Judgment Lien. (*See* ECF No. 854, Exh. G.) The trustee has refused that demand.

On May 3, 2013, the trustee filed the instant motion under Bankruptcy Rule 9019, Fed. R. Bankr.P., for approval of a compromise with holders of claims against the bankruptcy estate on the distribution of the net Sale Proceeds. ("9019 Motion"; ECF No. 1359.) The court conducted a hearing on July 16, 2013, which was continued to November 6, 2013. The debtor's former wife, Marianne Howatson, the Internal Revenue Service, the New York State Department of Taxation & Finance, Georgia Capital, the estate's largest unsecured creditor, and Chicago Title Insurance Company [FN3] supported the 9019 Motion. P & O and the debtor objected.

> FN3. Chicago Title Insurance Company initially objected to the 9019 Motion. That objection was withdrawn at the November 6th hearing.

The record discloses that the debtor sometimes appears *pro se* and at other times is represented by one or another or both of his two attorneys. The debtor was not present at either of the 9019 Motion hearings, but rather, through counsel, sought continuances.

On October 24, 2013, the debtor requested a 180–day continuance of the November 6th hearing on the 9019 Motion and all other matters scheduled in this case and in *13 the adversary proceeding challenging his discharge, Adv. Pro. No. 11–05004. (*See* main case, ECF No. 1494; adv. pro., ECF No. 159.) The request, as in a long series of similar requests in this and numerous other scheduled matters,[FN] was based on the claim that the debtor is now in Florida and cannot travel for various reasons including his health and his finances. The trustee, joined by a chorus of parties in attendance at the November 6th hearing, including the United States trustee, vehemently opposed the requested continuance. The court agreed that medical support proffered at the November 6th hearing, as well as its predecessors, was patently inadequate. The request for

502 B.R. 8

(Cite as: 502 B.R. 8)

a continuance was denied, and the debtor's attorney stated that he was not authorized to participate in the hearing on the 9019 Motion.

> FN4. *See, e.g.,* Debtor's *pro se* "Motion for Continuance for All Matters", filed September 27, 2013 (main case ECF No. 1465; adv. Pro. ECF No. 145) (asserting living in Florida, lack of funds to travel, lack of life insurance, refusal to fly "for fear of a possible life threatening accident and his demise leaving his two boys and partner without the ability to cope with financial needs", and failing health as bases for continuance; requesting a 180–day continuance to come to Connecticut to first take discovery and then "at a later date attend the hearing"); *see also, e.g.,* Debtor's *pro se* "Motion for Continuance of Hearing", filed July 1, 2013 (main case ECF No. 1413).

It should be observed, and as this court has repeatedly informed the debtor (both in his *pro se* capacity and through counsel), that as a chapter 7 debtor, his only interest in this case lies in the possibilities of being paid the exemptions he claims and being granted a discharge as provided by the Bankruptcy Code. The 9019 Motion proposes to pay the exemption claimed by the debtor, and the issue of his discharge is not effected by the 9019 Motion. Given the aggregate amount of the allowed claims in this case, it is indisputable that there is no mathematical possibility that the debtor could receive a distribution from his bankruptcy estate. His lack of standing to oppose the 9019 Motion is, therefore, apparent. *See In re Heating Oil Partners,* No. 3:08–cv–1976 (CSH), 2009 WL 5110838, *5, slip op. (D.Conn. Dec. 17, 2009), *aff'd,* 422 Fed.Appx. 15, 2011 WL 1838720 (2d Cir. May 16, 2011).

## Discussion

[1] Generally, court approval of a compromise under Rule 9019 requires the proponent to show that it is fair, equitable, and in the best interest of the estate. See *In re MF Global, Inc.,* Case No. 11–2790(MG), 2012 WL 3242533 (Bankr.S.D.N.Y. Aug. 10, 2012). Here, that analysis must be deferred because P & O's objection challenges the trustee's right to distribute any funds from the Sale Proceeds. Thus, the first question addressed is who has a right to the Sale Proceeds.

### I.

As noted, after P & O were awarded the Deficiency Judgment in the Foreclosure Action, they caused the corresponding Judgment Lien to be recorded on the Westchester County, New York land records against the N.Y. Property. So, when the trustee, as the sole equity holder of Monteverde, sold that property free and clear of interests, the Sale Proceeds were encumbered by P & O's Judgment Lien.

P & O argue that the Sale Proceeds cannot be distributed in accordance with the 9019 Motion because the entire amount of those proceeds are subject to that Judgment Lien. The trustee argues, *inter alia,* that the enforcement of the Deficiency Judgment against Monteverde's N.Y. Property was specifically prohibited not only by the Mortgage and Note, but also by this court's Stay Relief Order. Therefore,*14 the entire amount of the Sale Proceeds belong to the estate, P & O hold no valid claim against the estate, and her 9019 Motion should be granted over P & O's objection.

The parties agree that resolution of this controversy turns on the full faith and credit doctrine, codified by 28 U.S.C. § 1738. Simply put, if the Judgment Lien is entitled to enforcement under the full faith and credit doctrine, P & O's objection should be sustained, and conversely, if it is not, the trustee would have an unfettered right to the Sale Proceeds.

[2] The Full Faith and Credit Act provides that state court judgments "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. That statute "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *see also Resolution Trust Corp. v. Roberti (In re Roberti* ), 183 B.R. 991, 999 (Bankr.D.Conn.1995). Federal courts follow a two-step process when determining whether to give full faith and credit to a state court's judgment: (1) examine the law of the state in which the decision was rendered to determine whether that state's law would afford full faith and credit

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

502 B.R. 8

(Cite as: 502 B.R. 8)

to the judgment in question; and, if so (2) decide whether a recognized exception exists which would deny full faith and credit to the state court judgment. *See Marrese*, 470 U.S. at 381, 105 S.Ct. 1327.

[3] Application of the first test commonly turns on whether a challenge to a state court judgment would be barred by collateral estoppel. "South Carolina courts have adopted the general rule of collateral estoppel set forth in the Restatement [ (Second) of Judgments]." *Voss v. Pujdak (In re Pujdak )*, 462 B.R. 560, 571 (Bankr.D.S.C.2011) (*citing S.C. Prop. & Cas. Ins. Guar. Ass'n v. Wal–Mart Stores, Inc.*, 304 S.C. 210, 213, 403 S.E.2d 625, 627 (1991) (citing Restatement (Second) of Judgments § 27 (1982))).

Section 27 [of the Restatement] states: "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same of different claim."

*Id.* (quoting *State v. Bacote*, 331 S.C. 328, 330–31, 503 S.E.2d 161, 162 (1998) (emphasis added)); *see also Palm v. Gen. Painting Co., Inc.*, 302 S.C. 372, 374, 396 S.E.2d 361, 362 (1990).

Those elements need not be addressed, even assuming they were all satisfied, because the court concludes that had the South Carolina court been fully informed, as it should have been, that court would not have entered the Deficiency Judgment that could be recorded as the Judgement Lien. *See Crosby v. Prysmian Commn's Cables & Systems USA, LLC*, 397 S.C. 101, 109 n. 5, 723 S.E.2d 813 (S.C.Ct.App.2012) (further citation omitted) ("even if all the elements for collateral estoppel are met, when unfairness or injustice results or public policy requires it, courts may refuse to apply it."); *see also Shelton v. Oscar Mayer Foods Corp.*, 325 S.C. 248, 252, 481 S.E.2d 706 (S.C.1997).

[4] As noted, *supra* at 10–11, the underlying Note and Mortgage barred recourse against the N.Y. Property. The summons served with the Foreclosure Complaint specifically stated that in the event Monteverde (and the other defendants) failed to answer, P & O would seek a default judgment "for the *relief* demanded *15* [*i.e.*, against North South, not Monteverde] in the Complaint." (*See* Summons, Foreclosure Action; ECF No. 165–2 (Exh. A) (emphasis added).) Moreover, enforcement of the Deficiency Judgment without this court's order was specifically prohibited by the Stay Relief Order.

In essence, the South Carolina court was deceived at the July 22, 2010 deficiency judgment hearing by P & O's counsel's failure to disclose the restrictions in the Mortgage and Note, and failure to disclose the restriction in the Stay Relief Order on P & O's rights to enforce any deficiency judgment. *See supra* at 10–11. This is particularly disturbing since, as noted, *supra* at 11, the South Carolina court had already expressed a concern about the effect of the Foreclosure Action on this bankruptcy case. It is; therefore, doubtful that the South Carolina court, with those disclosures, would have ignored those restrictions.[FN5]

> FN5. *See also* South Carolina Rules of Prof. Conduct, Rule 3.3: Candor Toward the Tribunal ("(a) A Lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; ..."). Under a lawyer's duty of candor, P & O's attorney should not have sought the Deficiency Judgment without first making a full disclosure about the restrictions on enforcement against Monteverde. Counsel should have also disclosed that pursuant to P & O's Prayer for Relief, they sought a deficiency judgment against North South only.

Counsel for Marianne Howatson persuasively opposed P & O's objection at the July 16, 2003 hearing, arguing in part:

> [P & O are trying] to get this court to go back and basically rewrite the 2005 transaction and give [P & O] rights they never had. And just as this court can't do that, the South Carolina court could not do that.

\* \* \*

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

502 B.R. 8

(Cite as: 502 B.R. 8)

[T]he pieces add up in the following way. We've got a 2005 deal [that] did not give [P & O] the rights they tried to assert now. We then have South Carolina foreclosure proceedings that are in absolute contravention of this court's [July 30, 2009 Stay Relief O]rder.

We then have on top of that the recording of a lien in New York that builds on the violation of the court's [Stay Relief O]rder, ignores the absence of any language in the [N]ote or mortgage that would have permitted the liening of that asset....

* * *

So, now eight years later [P & O] want you—they want this court to cut them a better deal than they cut for themselves. That's not appropriate. It's not doable.

So they take this undoable scenario [o]n their part. They combine it with an order from South Carolina, which deserves no full faith [and] credit here, because it's in contravention of your [Stay Relief O]rder and you jurisdiction here. They combine it with this lien that they filed [*i.e.*, the Judgment Lien filed in N.Y.] and then keep quiet about [it].

They lie low instead of bringing this issue to a head, so that the matter could be resolved before an innocent buyer takes the deed, and now years later they want to say[, "T]hank you. We'll take the money.["]

(Hr'g on Trustee's 9019 Motion, Tr. 31:6–9, 32:12–20, 34:5–17 (July 16, 2013); ECF No. 1441.)

The conclusion that a South Carolina court would not give the Deficiency Judgment preclusive effect also would be warranted if this court concludes that there is a recognized exception to the application of **\*16** the full faith and credit doctrine. *See Marrese,* 470 U.S. at 381, 105 S.Ct. 1327. That test is satisfied here because federal courts have an interest in protecting their jurisdiction and enforcing their orders. *See, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Ransmeier v. Mariani,* 718 F.3d 64, 68 (2d

Cir.2013); *Mitchell v. Lyons Prof'l Servs., Inc., et al.,* 708 F.3d 463, 467 (2d Cir.2013).

The Judgment Lien would not be entitled to full faith and credit, *i.e.,* it would not be enforceable, if giving it that deference would clash with bankruptcy law and policy relating to property of the bankruptcy estate, *see* 28 U.S.C. §§ 157(a), 1334(e)(1), and orders that specifically define relief from the automatic stay. Put another way, the Judgment Lien resulted from P & O concealing essential facts from the South Carolina court. Therefore, giving full faith and credit to that judgment would be tantamount to giving P & O license to defy this court's Stay Relief Order that prohibited them from enforcing any deficiency judgment against the N.Y. Property without first seeking and obtaining an order from this court authorizing that recourse. Coming to this court of equity to oppose the 9019 Motion on the basis of the Judgment Lien they have because they violated this court's order is highly offensive to the bankruptcy process and this court.

**II.**

Bankruptcy Rule 9019(a) provides in relevant part: "Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr.P. 9019(a). "A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interest of the estate before it may approve a settlement." *In re MF Global, Inc.,* Case No. 11–2790(MG), 2012 WL 3242533 (Bankr.S.D.N.Y. Aug. 10, 2012); *see also Topwater Exclusive Fund III, LLC v. SageCrest II, LLC (In re SageCrest II, LLC),* Nos. 3:10–cv–978 (SRU), 3:10–cv–979 (SRU), 2011 WL 134893, at *8–9 (D.Conn. Jan. 14, 2011).

[5][6] As this court has previously stated:

" '[I]t is not necessary for the bankruptcy court to conduct a "mini trial" on the issue.' " [ *In re NW Investors II, LLC,* 06–CV–5078 (ADS), 2007 WL 2228151, *4 (E.D.N.Y.2007)–] (*quoting In re WorldCom,* 347 B.R. [1231, 137 [ (Bankr.S.D.N.Y.2006) ] ) (further citation omitted). Rather, the Circuit Court has repeatedly instructed that a bankruptcy court "is not to decide the numerous questions of law and fact raised by [objectors] but rather

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

502 B.R. 8

(Cite as: 502 B.R. 8)

to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range to reasonableness.' " *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.1983) [ (further citations omitted) ].

In that vein of note, one district court in this circuit held that a bankruptcy court is not required to take evidence when deciding whether to approve a settlement. Rather, the court is required to make an informed and independent judgment regarding the appropriateness of the settlement after independently examining the identified *Iridium* factors. *See NW Investors*, 2007 WL 2228151, *6 (E.D.N.Y.2007); *see also In re WorldCom, Inc.*, 347 B.R. at 137. And, while a court "may consider a creditor's objection to the proposed compromise, the objection is not controlling, and will not bar approval when a review of the settlement shows it does not 'fall below the lowest point in the range of reasonableness.' " *17In re Drexel Burnham [Lambert Group, Inc.]*, 134 B.R. [499] at 506 [ (Bankr.S.D.N.Y.1991) ] (*quoting In re W.T. Grant Co.*, 699 F.2d at 608) (further internal citations omitted). Finally, "[a] decision to either accept or reject a compromise and settlement is within the sound discretion of the Court...." *Id.* (citation omitted).

*In re SageCrest II, LLC*, Case No. 08–50754, 2010 WL 1981041, *4–5 (Bankr.D.Conn. May 18, 2010), *aff'd, Topwater*, 2011 WL 134893 (D.Conn.2011); *see also Nisselson v. Carroll (In re Altman)*, 302 B.R. 424, 425–26 (Bankr.D.Conn.2003) ("[C]ourts need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement; rather, they may give weight to the trustee's informed judgment that a compromise is fair and equitable and to the competency and experience of counsel who support the settlement.").

[7] P & O and the debtor are the only parties who object to the 9019 Motion. Both of those objections have been considered and overruled by the conclusions stated above. There are no other objections to the 9019 Motion.

Having reviewed the relevant parts of the record and considered the arguments of counsel and the memoranda they filed, the court concludes that the proposed compromise does not "fall below the lowest point in the

range to reasonableness," *In re W.T. Grant Co.*, 699 F.2d at 608, and it is fair, equitable, and in the best interest of the estate. Of particular significance is the support for the motion by the debtor's former spouse, the taxing authorities, and the general consensus that, but for this compromise, there would be no distribution to holders of allowed unsecured claims.

### *Conclusion*

Accordingly, IT IS ORDERED that the trustee's 9019 Motion is granted.

IT IS FURTHER ORDERED that the trustee may make the distributions proposed in her amended "Exhibit A to Rule 9019 Stipulation" (ECF No. 1527), except that any distribution from the $3,361.35 "Litigation Reserve" may not be made except upon approval of a further application to the court.

Bkrtcy.D.Conn.,2013.

In re Friedberg
502 B.R. 8
END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |  |
|---|---|---|
| _____ | X |  |
| In re: | : | CHAPTER 7 |
|  | : |  |
| Richard H. Friedberg, | : | Lead Case No. 08-51245 (AHWS) |
|  | : |  |
| Debtor | : |  |
|  | : |  |
| _____ | X |  |

NOTICE OF APPEAL

Giannina Pradella and Milan Olich, interested parties, appeal under 28 U.S.C. §158(a) or (b) from the Memorandum of Decision and Order on Trustee's Rule 9019 Motion of the Hon. Alan H. S. Shiff, United States Bankruptcy Judge, granting the Trustee's said Rule 9019 Motion and entered in this proceeding on the 21st day of November, 2013 and from every part thereof.

The names of all parties to the Memorandum of Decision and Order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

Melissa Zelen Neier, Esq., Chapter 7 Trustee
Ivey, Barnum and O'Mara, LLC
170 Mason Street, PO Box 1689
Grennwich, CT

Peter L. Ressler, Esq., attorney for the debtor
Groob Ressler & Mulqueen
123 York Street, Suite 1B
New Haven, CT

Maximino Medina, Jr., Esq., attorney for creditor, Marianne Howatson
Zeldes, Needle & Cooper, P.C.
PO Box 1740, 1000 Lafayette Boulevard
Bridgeport, CT

Ann M. Nevins, Esq., AUSA, for Creditor Internal Revenue Service
US Attorney's Office
1000 Lafayette Boulevard
Bridgeport, CT

Louis Testa, Esq., Ass't. Attorney General, for Creditor NYS Department of Taxation & Finance
Office of the NYS Attorney General
Litigation Bureau, Bankkruptcy Unit
The Capitol
Albany, New York

Jeffrey Hellman, Esq., for Creditor Georgia Capital, LLC
The Law Offices of Jeffrey Hellman, LLC
195 Church Street
New Haven, CT

Roberta Napolitano, Esq., Ch 7 Trustee of the Bankruptcy Estate of Monteverde Restaurant, LLC
PO Box 9177
350 Fairfield Avenue
Bridgeport, CT

Thomas O'Neill, Esq., for Chicago Title Insurance Co.
Day Pitney, LLP
One Canterbury Green
Stamford, CT

Steven Mackey, Esq., for the US Trustee, Region 2
Giaimo Federal Building
150 Court Stree,t Room 302
New Haven, CT

Dated: November 22, 2013

                                DEMPSEY & LANGAN
                                Attorneys for Giannina Pradella
                                and Milan Olich (*Pro Hac Vice*)

                                by /s/ Thomas R. Langan
                                Thomas R. Langan
                                Bar No. phv04728
                                Dempsey & Langan
                                1200 Brown Street, Suite 202
                                Peekskill, NY 10566
                                914-737-0030
                                TLangan@dempseyandlangan.com

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

In re FRIEDBERG,                      :
       Debtor,                        :
                                      :
GIANNINA PRADELLA and                 :
MILAN OLICH,                          :   Civil No. 3:13-CV-01920(AVC)
       Appellants                     :
                                      :
v.                                    :
                                      :
MELISSA ZELEN NEIER,                  :
       Appellee                       :

### <u>Memorandum of Decision</u>

This is an appeal from an order of the United States Bankruptcy Court for the District of Connecticut (Shiff, J.) granting the trustee's motion to distribute funds according to Federal Rule of Bankruptcy Procedure 9019. This appeal is brought pursuant to 28 U.S.C. § 158(a)(1), which authorizes a district court to hear appeals regarding final judgments, orders, and decrees of the bankruptcy court.

The appellants, Giannina Pradella and Milan Olich, seek a reversal of the bankruptcy court's decision and assert that the proceeds from the sale of property in New York should be disbursed to them. The issues presented are: 1) whether a judgment from the South Carolina court of common pleas is entitled to full faith and credit according to Article IV of the United States Constitution; and 2) whether the judgment obtained

by the appellants from the South Carolina court of common pleas is a lien on the real property in New York.

For the following reasons, the court affirms the bankruptcy court's ruling.

## PROCEDURAL BACKGROUND

On December 18, 2008, the debtor, Richard H. Friedberg, filed a voluntary petition for bankruptcy relief under chapter 11 of Title 11 of the United States Code.[1] On June 26, 2009, the appellants filed a notice of appearance.  On July 23, 2009, the appellants filed a proof of claim arising out of a 2005 real estate transaction.  The trustee objected to the appellants' proof of claim.  On November 9, 2011, the bankruptcy court conducted a trial.  On March 21, 2012, the bankruptcy court concluded that the appellants were not creditors of the estate. On May 3, 2013, the trustee filed a motion under Federal Rule of Bankruptcy Procedure 9019 ("9019 motion")[2] for approval of a compromise with creditors against the bankruptcy estate.  On July 16, 2013, the bankruptcy court conducted a hearing, which was continued to November 6, 2013.  The appellants objected to the Rule 9019 motion.  The court concluded that the proposed compromise was "fair equitable, and in the best interest of the estate."  In re Friedberg, 502 B.R. 8, 17 (Bankr. D. Conn.

---

[1] On April 26, 2013, the bankruptcy court "convert[ed] the debtor's case to one under chapter 7."
[2] "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).

2

2013).   Thereafter, the court granted the trustee's 9019 motion and ordered that the trustee make distributions according to the proposal.  This appeal followed.

## FACTS[3]

The appellants' appeal is based on a 2005 real estate transaction.   An examination of the record discloses the following:

On February 15, 2005, the appellants sold "certain property at 28 Bear Mountain Bridge Road in Cortlandt Manor, New York, to an entity called Monteverde LLC" ("Monteverde").   As consideration for the sale, the appellants received "a cash deposit in excess of $2 million" and a "five-million-dollar note from Monteverde and North South Development" ("North South"). At the time of the sale, the debtor was the "sole member of Monteverde" and North South.

The five-million-dollar note furnished to the appellants was secured by a mortgage on property owned by North South in South Carolina.   Importantly, the note "was secured by the South Carolina property and was not secured by the New York real estate."   In other words, appellants did not "have a mortgage on the Monteverde property."   Specifically, the mortgage stated:

---

[3] Pursuant to Federal Rule of Bankruptcy Procedure 8006, these facts are derived from the parties' designation of items to be included in the record on appeal.

**AND IT IS FURTHER AGREED THAT NOTWITHSTANDING ANYTHING OT THE CONTRARY CONTAINED IN THE MORTGAGE OR IN THE NOTE,** Mortgagee shall satisfy any judgment obtained by it against Monteverde LLC or Mortgagor for any amounts due under and in accordance with the terms and conditions of the Note by the exercise of the rights of Mortgagee under this Mortgage to foreclose on the Mortgage Premises as herein provided and not otherwise. No other property or assets of Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of Mortgagor or Monteverde LLC shall be subject to levy, execution or other enforcement procedures for the satisfaction of any payments required under the Note. Mortgagee shall not bring any action to obtain a judgment against Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of mortgagor or Monteverde LLC or any member, officer, director or shareholder of any of them for any amounts becoming due and owing under the Note except as part of a judicial proceeding to foreclose under and in accordance with this mortgage.

In addition, the corresponding promissory note stated:

It is hereby expressly agreed, that the said principal sum secured by this note shall become due at the option of the holder thereof on the happening of any default or event by which, under the terms of the mortgage securing this note, said principal sum may or shall become due and payable; *also that all of the covenants, conditions, conditions and agreements contained in said mortgage are hereby made part of this instrument.*

In accordance with the terms of the promissory note, the

appellants were to receive "quarterly interest payments of five

percent per annum on the principal amount of $5 million,

commencing on May 15th, 2005 and in each consecutive quarter

thereafter through February 4th, 2011 . . . ."  Upon defaulting
on the five-million-dollar promissory note in 2008, notice of
default was sent to Monteverde and North South.  On February 2,
2009, the appellants commenced an action against Monteverde and
North South in the South Carolina court of common pleas seeking,
*inter alia*, foreclosure on the South Carolina property.

"[O]n May 27th, 2009, the South Carolina State Court,
exercising its discretion, . . . stayed [the] foreclosure
action" on the basis that the foreclosure proceeding could not
proceed "without adversely and impermissibly affecting
Friedberg's bankruptcy estate."  On July 30, 2009, the
bankruptcy court granted appellants limited relief from stay,
permitting the appellants to prosecute the foreclosure action in
South Carolina.  The bankruptcy court's order concluded,
however, with the following: "No deficiency judgment shall be
enforced without the further order of this Court."

"The South Carolina . . . foreclosure action was pursued
pursuant to the order of [the bankruptcy court]" and "the South
Carolina Property was sold for approximately $3.1 million."

The appellants sought a deficiency judgment because the
sale price of the South Carolina property did not satisfy the
five-million-dollar promissory note.  Prior to the issuance of
the deficiency judgment, "the trustee, as holder of the entire
equity interest of the debtor in Monteverde, filed a motion to

5

sell the N.Y. Property" at an auction, to which the appellants did not object and the court approved.

On December 31, 2010, before the auction date, the South Carolina state court rendered a deficiency judgment in the amount of $1.9 million against Monteverde and North South. On January 19, 2011, the New York property sold for $2.3 million at an auction, and on January 24, 2011, the bankruptcy court approved the sale. Prior to the closing on February 15, 2011, and contrary to the bankruptcy court's order barring the enforcement of any deficiency judgment, the appellants docketed the South Carolina deficiency judgment in the Office of the Clerk of Westchester County, New York.

On March 11, 2011, the appellants demanded payment of the proceeds from the sale of the New York property, but the trustee has refused to comply with that demand. Instead, on May 13, 2013, the trustee filed its 9019 motion for approval of a compromise to distribute the sale proceeds to creditors of the bankruptcy estate. The appellants objected to the compromise, claiming that the entire amount of those proceeds is subject to the deficiency judgment. The bankruptcy court overruled the objection and ordered that the trustee's 9019 motion be granted.

### STANDARD OF REVIEW

On appeal, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with

instructions for further proceedings." Fed. R. Bankr. P. 8013.
The district court reviews *de novo* the bankruptcy court's
articulation of the legal standards applicable to the evaluation
of the settlement under Bankruptcy Rule 9019. In re Iridium
Operating LLC, 478 F.3d 452, 461 n.13 (2d Cir. 2007).  The
reasonableness of the bankruptcy court's approval of the
settlement, however, is reviewed for abuse of discretion.  Id.

## DISCUSSION

### I.   Effect of the South Carolina Action

The appellants argue that the judgment from the South
Carolina court of common pleas is entitled to full faith and
credit according to Article IV of the United States
Constitution.  The appellants raise two contentions: 1) "[t]here
has been no claim of lack of jurisdiction of the South Carolina
Court"; and 2) there has been no "collateral attack on the South
Carolina judgment, even though the Trustee had actual notice of
the case."

### 1.   Effect of the South Carolina Action

With respect to the first contention, the appellants argue
that the bankruptcy court did not have jurisdiction over the
persons or the subject matter of this case.  The appellants
emphasize the bankruptcy court's ruling concerning their proof
of claim that they do not "have a claim against the Friedberg
Estate" and they are not "parties to the bankruptcy proceeding."

Case 14-4236, Document 30, 02/25/2015, 1446271, Page118 of 128

Instead, the appellants note that the "South Carolina case was a case brought by non-claimants of the Estate against entities which had not sought bankruptcy protection to foreclose a mortgage on non-estate property." Therefore, they contend that "[b]y virtue of both subject matter and personal jurisdiction, the South Carolina court had exclusive jurisdiction to decide the foreclosure action."

The appellee argues in response that the appellants "voluntarily submitted themselves to the exclusive jurisdiction of the bankruptcy court and . . . obtained expressly limited relief therein . . . ." The appellee contends that the appellants are "not free to obtain more relief from the South Carolina court than already prescribed in Connecticut's federal courts." Accordingly, "[t]he South Carolina court had jurisdiction to conclude the foreclosure case but it had no authority to exceed the limited role prescribed to it by the bankruptcy court . . . ."

The appellants' argument is particularly concerning in light of the bankruptcy court's order lifting the automatic stay and granting limited relief to pursue the South Carolina foreclosure. The order dated July 30, 2009, permitted the appellants to "pursue the action pending in the Court of Common Please [sic];" therefore, the South Carolina court did have jurisdiction to decide the foreclosure. The bankruptcy court

concluded, however, with the following statement: "No deficiency judgment shall be enforced without the further order of this Court."  The appellants evidently disregarded this direct order and filed the deficiency judgment in New York in an attempt to enforce it.  This court agrees with the bankruptcy court's observation that objecting to the 9019 motion on a ground that violates a prior order "is highly offensive to the bankruptcy process and this court."

   **2.   Full Faith and Credit**

   With respect to the second contention, the appellants argue that the trustee "abandoned the matter by declining to defend the South Carolina foreclosure action . . . ."  According to the appellants, the trustee "declined to either take over the defense of the case or to retain counsel to continue on behalf of the defendant mortgagors."  The appellants assert that "the defense of the mortgage foreclosure proceeding had been abandoned and the consequence is that the non-recourse language of the Mortgage, incorporated into the Note, was not advocated. The issue was deemed conceded."  Therefore, the appellants claim that the "non-recourse language defense was: (1) actually litigated in the prior action by being raised in the Answer; (2) directly determined in the prior action when the loan documents were presented to the Court for its consideration; and, (3) necessary to support the prior judgment."  Accordingly, the

appellants insist that the South Carolina judgment be given full faith and credit.

The appellee responds by arguing that the appellants "never provided the Trustee with notice of the pleadings that entered in the South Carolina foreclosure proceeding during the Summer of 2010." Therefore, "[b]ecause the Trustee had no notice—actual or otherwise—of the hearing that resulted in the deficiency judgment, it is not entitled to preclusive effect as to the Trustee or the bankruptcy estate." The appellee also maintains that the non-recourse language was not actually litigated and the deficiency judgment was, in fact, a default judgment. Finally, the appellees note that "even if Appellants could establish all the elements required for collateral estoppel . . . , the bankruptcy court would be justified in exercising its broad equitable powers and the discretionary power explicitly provided by South Carolina law . . . to reject the defective deficiency judgment."

The Full Faith and Credit Act provides that judicial proceedings of a court in any state "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. "To determine the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state."

Conopco, Inc. v. Roll Intern., 231 F.3d 82, 87 (2d Cir. 2000); see also Matsushita Elec. Indus. Co., Ltd. V. Epstein, 516 U.S. 367, 373 (1996) (holding that "[t]he Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state.").

In South Carolina, "[c]ollateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same." Carolina Renewal, Inc. v. S.C. Dep't of Transp., 684 S.E.2d 779, 782 (S.C. Ct. App. 2009). Accordingly, "[a] party claiming preclusive effect under collateral estoppel must demonstrate that the particular issue was '(1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment.'" Crosby v. Prysmian Commc'ns Cables & Sys. USA, LLC, 723 S.E.2d 813, 817 (S.C. Ct. App. 2011) (quoting Carolina Renewal, Inc., 684 S.E.2d 779 at 782); see also State v. Bacote, 503 S.E.2d 161, 162 (S.C. 1998) (recognizing that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or different claim." (internal quotation marks omitted)).

The supreme court of South Carolina recognizes that "[t]he doctrine of collateral estoppel is intended to reduce litigation and conserve the resources of the court and litigants and it is based upon the notion that it is unfair to permit a party to relitigate an issue that has already been decided." Bacote, 503 S.E.2d at 163.   Therefore, "[s]ince it is grounded in concepts of fairness, it should not be rigidly or mechanically applied . . . . [E]ven if all the requirements of issue preclusion are met, when unfairness or injustice results or public policy requires it, the doctrine's application may be precluded." Id. (citations omitted).

Specifically, the supreme court of South Carolina has adopted sections 27 and 28 of the Restatement (Second) of Judgments (1982), which outlines the general rule for collateral estoppel and five exceptions to the rule.   Id.; S.C. Prop. & Cas. Ins. Guar. Ass'n v. Wal-Mart Stores, Inc., 403 S.E.2d 625, 627 (S.C. 1991).   Section 28 states, in pertinent part:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> > (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them; or
> > . . .

(5) There is a clear and convincing need for
a new determination of the issue (a) because
of the potential adverse impact of the
determination on the public interest or the
interests of persons not themselves parties
in the initial action, . . . or (c) because
the party sought to be precluded, as a
result of the conduct of his adversary or
other special circumstances, did not have an
adequate opportunity or incentive to obtain
a full and fair adjudication in the initial
action.

In the instant case, the doctrine of collateral estoppel as
applied in South Carolina does not afford preclusive effect to
the judgment from the South Carolina court of common pleas.  The
issue that the appellants argue should be given preclusive
effect is whether the non-recourse language in the mortgage and
note bars a deficiency judgment against Monteverde and the
property in New York.

When the appellants sold the New York property to
Monteverde, the mortgage was secured by the South Carolina
property only.  Although the complaint in the foreclosure
proceeding requested "the right to enter a personal deficiency
judgment against the Defendants North South Development Group,
LLC, and Monteverde, LLC, for any deficiency in this action
remaining after sale of the mortgaged premises," the mortgage
provided that "[n]o other property or assets of Mortgagor or
Monteverde LLC or any member, partner, officer, director or

shareholder of Mortgagor or Monteverde LLC shall be subject to levy, execution or other enforcement procedures for the satisfaction of any payments required under the Note."

The deficiency judgment that the South Carolina court entered directly contradicts the terms of the real estate transaction from 2005. Essentially, the judgment rewrites the mortgage and the corresponding promissory note to include a secured interest in the New York property and the South Carolina property. Therefore, the court concludes that the doctrine of collateral estoppel must not be mechanically enforced, as doing so would result in unfairness and injustice. The judgment from the South Carolina court of common pleas is not entitled to full faith and credit.

## II. Property of the Bankruptcy Estate

The appellants next argue that "[t]he Judgment obtained by the Appellants from the South Carolina Court of Common Pleas and duly filed in New York State is a lien on the real property of the owner, which is not a debtor in, or a party to, the Friedberg bankruptcy." The appellants maintain that the New York Property "was never property of the Friedberg Estate." They claim that "Monteverde is a New York Limited Liability Company" pursuant to the New York Limited Liability Company Law, which means that "[a] member has no interest in specific property of the limited liability company." The appellants

focus on the bankruptcy court's observation that "the promissory note was secured solely by the South Carolina Property, *which is not property of the debtor's estate.*"   Accordingly, the appellants attempt to draw a comparison between Monteverde and North South by claiming that there is "no legal difference between the South Carolina property and the [New York] Property: neither was owned by Friedberg; each was owned by a limited liability company solely owned by Friedberg; the laws of both South Carolina and New York say that property of a limited liability company is not property of its owners."   As such, the appellants argue that the New York property should not be included in the debtor's estate.   They conclude that "the proceeds of the sale of the [New York] Property should have been first used to satisfy the creditors of Monteverde before Friedberg's equity . . . . ."

The appellee's response notes that the "bankruptcy court exercised jurisdiction over the New York real estate throughout the Debtor's case."   According to the appellee, because the appellants "acknowledged the applicability of the automatic stay by seeking relief therefrom" and "submitted themselves to the bankruptcy court's jurisdiction by filing their proof of claim," their "discourse on New York limited liability law is a red herring."

The appellants' argument is unpersuasive. This court's reading of the bankruptcy court's decision regarding the appellants' proof of claim suggests that the South Carolina property is not included in the debtor's estate due to the foreclosure of that property and the mortgage and note. Because this court finds that the deficiency judgment issued by the South Carolina court of common pleas is not entitled to full faith and credit, the New York property and the South Carolina property should be treated differently; the mortgage and note in the 2005 real estate transaction was secured by the South Carolina property and not the New York property. Thus, the decision from the South Carolina court of common pleas is not a lien on the New York property.

## CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.

It is so ordered, this 30th day of September 2014, at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello,
United States District Judge

Federal Rules of Appellate Procedure Form 5. Notice of Appeal to a Court of Appeals from a Judgment or Order of a District Court or a Bankruptcy Appellate Panel

United States District Court for the _____ _____

District of _Connecticut_____ __

In re _Richard Friedberg_____ ,
    Debtor

_Giannina Pradella & Milan Olich,_    File No. _3:13-CV-1920 (AVC)___
   Plaintiff

  v.

  _Melissa Zelen Neir, as_
  _Chapter 7 Trustee_

   Defendant

Notice of Appeal to the United States Court of Appeals for the _Second_ Circuit.

 _Giannia Pradella and Milan Olich,_ plaintiff (or defendant) or other party) appeals to the United States Court of appeals for the _Second_____ Circuit from the final judgment [ or order or decree] of the district court for the District of _Connecticut (or bankruptcy appellate panel of the _____Circuit),_ entered in this case on the _30th_____ day of _September_, _19_ _2014_____ (the "Order") (here describe the judgment, order, or decree) affirming the Memorandum Decision and Order of the US Bankruptcy Court for the District of Connecticut (Shiff, USBJ) dated and entered November 21, 2013 and the Judgment (the "Judgment") dated October 16, 2014 entered on the Order on October 23, 2014 and from every part of such Order and Judgment.

 The parties to the judgment (or order or decree) appealed from and the names and addresses of their respective attorneys are as follows:

Giannina Pradella
And Milan Olich, Appellants    Thomas R. Langan
            phv04728
            Dempsey & Langan
            1200 Brown Street, Suite 202
            Peekskill, New York 10566
            Telephone: 914-737-0030
            Facsimile: 914-736-9999
            tlangan@dempseyandlangan.com

Melissa Zelen Neier, Esq., as
Chapter 7 Trustee, Appellee

Ivey, Barnum & O'Mara, LLC
170 Mason St., PO Box 1689
Greenwich, CT 06836
Telephone: (203) 661-6000
Facsimile: (203) 661-9462
mneier@ibolaw.com

Signed:

Thomas R. Langan
Dempsey & Langan
phv04728
(Attorney for Appellant)
1200 Brown Street, Suite 202
Peekskill, New York 10566
Telephone: 914-737-0030
Facsimile: 914-736-9999
tlangan@dempseyandlangan.com